WESTERN UNION TELEGRAPH COMPANY vs. PLEASANTS.

[ACTION OF TORT TO RECOVER DAMAGES FOR KILLING HORSE BY NEGLIGENT DRIVING, &C.]

1. *Foreign corporation; when may be sued by summons and complaint.*—A foreign corporation doing business in this State through a managing agent or employee, may be sued by summons and complaint, served on such agent or employee, upon a cause of action which accrued in the State.

2. *Same, authority of agent to hire horse; how may be proved.*—To recover damages against a corporation for the loss of a horse, caused by the carelessness of its agent who hired it, express authority to the agent to hire the horse need not be proved; it may be implied, where the evidence will warrant it.

APPEAL from City Court of Montgomery.

Tried before Hon. JOHN D. CUNNINGHAM.

THIS was an action of tort, by appellee against appellant, commenced by ordinary summons and complaint, and served upon the managing agent of defendant, to recover damages for the negligent and careless driving by defendant of a horse hired of plaintiff, whereby the horse was killed, &c.

The complaint was as follows:

" Stephen D. Pleasants, plaintiff, vs. Western Union Telegraph Company, defendant.

The plaintiff claims of the defendant, a corporation, five hundred dollars as damages, for this, that the defendant hired of the plaintiff, for a reasonable reward, a certain horse of the value of five hundred dollars, to be used by one of its employees in and about its service and business, and after the defendant had so hired said horse and received him from the plaintiff for the purpose aforesaid, and during the term of such hiring, the said employee of said defendant using said horse in and about the business and service of the defendant, and while

so using the same, did so improperly and carelessly drive and use said horse, that by means thereof said horse was killed and wholly lost to the plaintiff."

The (appellant) defendant in the court below, by one Seville, who was thereto duly authorized, pleaded in abatement to the jurisdiction of the court, that " it is a corporation foreign to the State of Alabama, and was at the time of the commencement of the suit, and from thence hitherto until the present time, hath been, and is, a foreign corporation, duly incorporated under an act of the legislature of the State of New York, and organized and doing business under said act of the legislature in said State of New York, with its offices and officers in the city of New York, in said State, and was never chartered by, or organized under, any law of the State of Alabama," &c.

The plaintiff demurred to this plea, and the court sustained the demurrer.

Thereupon the defendant demurred to the complaint, and assigned as grounds of demurrer—1st, that the complaint does not sufficiently describe the corporate character of defendant, nor show that it is a corporation under any law of this State, having power to make a contract of hiring such as stated in the complaint ; 2d, that no time is stated in the complaint when the alleged hiring took place, or whether the injury complained of accrued before the commencement of this suit, and if it so accrued, whether it did not accrue more than six years next before the commencement of this suit.

This demurrer was overruled by the court, and thereupon issue was joined upon defendant's plea of not guilty, &c.

The plaintiff introduced several witnesses, among others an operator and a clerk in defendant's office at Montgomery, who testified that at the time of the hiring, June, 1867, Seville was managing agent of defendant, and acted as such, to their knowledge, although they had never seen his appointment or authority to act as such ; that he still continued to be manager, and they had never heard of his acts being gainsaid or disapproved by the company.

Seville himself testified that he was, at the time of the hiring, the managing agent of defendant ; that a part of the line being down between Montgomery and Selma, he determined to go down and inspect the same, and for this purpose hired the horse and buggy of plaintiff, and, taking an employee of the company, left Montgomery at eight o'clock in the morning, drove slowly and cautiously some twenty-six miles, and then started back, and had gotten about half a mile on their return, when the horse was suddenly taken sick, just about dark, and died, after the utmost efforts "to doctor him, by persons acquainted with sick horses."

There was evidence on behalf of plaintiff tending to show the value of said horse, and his soundness when he started out, and also to show negligence on the part of Seville and the person with him in driving the horse, and in not seeing that he was properly fed at the place where they stopped for dinner, &c.

After the court had given several charges at the request of plaintiff, which need not be further noticed, the court, at the request of the defendant, charged the jury that "it is not sufficient to show that Seville acted as the agent of the defendant in the hiring of the horse. The plaintiff must satisfy the minds of the jury that Seville was authorized to act as he did act, by the company, in the matter of said hiring." The court then charged the jury, at the request of the plaintiff, that "an express authority to Seville was not necessary, provided they find, from all the evidence in the case, that there was such authority." To the giving of this charge the defendant excepted.

There was a verdict and judgment against the defendant, who appeals, and here assigns as error—

1. Overruling the plea to the jurisdiction of the court.
2. Overruling the demurrer to the complaint.
3. The charge given at the request of defendant.

CHILTON & THORINGTON, for appellant.—1. The plea is good in form, being a substantial copy from Chitty.—See Chitt. Pl. vol. 3, p. 894, margin, and p. 897 as to affidavit.

Our Code distinguishes clearly between domestic and foreign corporations. The one is designated by the term "corporations," or "domestic corporations," the other as "foreign corporations."—Code, §§ 458–60, 456, relating to taxes; *ib.* §§ 2936–38, as to attachments.

The Code (§ 2568) provides that "when a summons is issued against a corporation, the summons may be executed by the delivery of a copy of the summons and complaint to the president, or other head thereof, secretary, cashier, or managing agent thereof."

This provision has reference to domestic corporations, and confers no authority to sue a foreign corporation. The subsequent section tends to strengthen this conclusion, showing how service may be perfected by affidavit, where the officers are unknown, or reside out of the State; then, process may be served on any white person in the employ of, or doing business for, said corporation. No such affidavit was made in this case.

There is no law requiring domestic corporations to have their officers residing in this State. Many of them now have presidents out of the State. The Selma, Rome and Dalton Railroad, and other roads in the State, have their chief officers resident without the State. And this is the category contemplated by the statute. If it had meant foreign corporations as well as domestic, it would have said so, as in section 2936, which says, "corporations, either foreign or domestic," may sue out attachments. And when the legislature would embrace "foreign corporations," it is done by name, as in section 2938 of the Code, prescribing how attachments may issue against "foreign corporations." And this is the remedy which this statute gives against foreign corporations, none other.

Foreign corporations can not be sued out of the State where they are chartered, unless the statute authorizes it. No such suit could be maintained at common law.— 1 Tidd's Prac. 116; *Middlebrooks v. Springfield Ins. Co.,* 14 Conn. 301; Angell & Ames Corp. § 403, and notes, and § 637, and notes; *McQueen v. Middleton Manufacturing Co.,*

16 Johns. 5; *Nash v. Evang. Lutheran Church*, 1 Miles, (Penn.) 78; *Dawson v. Campbell*, 2 ib. 171.

In the case of *Louisville Railroad Co. v. Letson*, (2 How. 558,) the true doctrine is laid down, which case was afterwards affirmed in *Marshall v. Baltimore Railroad Co.*, (16 How. 314; 20 How. 227, and 1 Black, 286,) making a corporation a citizen of the State which creates it. Such being the case, it follows that an attachment only can be maintained under our statute; and the court can obtain jurisdiction in no other way.

WALKER & MURPHEY, *contra.*

B. F. SAFFOLD, J.—The material issue in this case arises on the defendant's plea to the jurisdiction of the court. Can a foreign private corporation be sued in this State otherwise than by attachment? One of the characteristics of a corporation is its capacity to sue and be sued. For these purposes it is a citizen of the State which created it, and where its business is done.—*Louisville Railroad Company v. Letson*, 2 How. 497. Section 2568 of the Revised Code provides that when the suit is against a corporation, the summons may be executed by the delivery of a copy of the summons and complaint to the president or other head thereof, secretary, cashier or managing agent thereof. It is essential to the validity of a judgment that the court rendering it should have jurisdiction of the subject matter and the parties. It was a common law rule that every action should be tried in the county where the subject of it accrued. This was particularly the case in local actions, though in transitory actions where the subject might have arisen in any county, or abroad, the plaintiff might lay the venue in any county he might prefer, subject to the right of the defendant in proper cases to move for a change.—5 Chit. Gen. Pract. 647.

In this case, the court certainly had jurisdiction of the subject matter. If the summons was properly executed in the State upon one authorized by law to be served, then jurisdiction of the person of the defendant was obtained.

The appellant insists that section 2568 refers alone to domestic corporations. It does not so state, and construing it with section 2569, such would not be a natural inference, because it is more probable to suppose that a foreign corporation would do business in the State through an employee or agent, than that a domestic one would have its principal officers residing out of the State. The demurrer was properly sustained.

The demurrer to the complaint presents no valid objection to it. The grounds stated are either insufficient, or such as should have been made available by plea in bar, or through the proof.

There is no error in the charge given, at the request of the plaintiff, that express authority from the defendant to its agent, Saville, to hire the horse was not necessary, provided they believed from all the evidence that such authority was given.—Story on Agency, § 56.

The judgment is affirmed.