# Lee, *pro ami* v. Baird.

## Action of Assumpsit.

1. *Action against non-resident; when action can be brought in this State.*—When a cause of action is transitory in its nature, it may be sued on in any county within this State, where the defendant may be personally served with process, though he be a non-resident and only transiently here, provided his presence within the jurisdiction is not obtained by fraud or duress; and this principle is applicable in cases where the plaintiff as well as the defendant is a non-resident.

[Lee, *pro ami* v. Baird.]

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This was an action of assumpsit, brought by the appellant, Mamie Lee, an infant, who sued by her next fried, Thomas J. Lee, against R. W. Baird.

The complaint contained the common counts, seeking to recover five hundred dollars due from the defendant. The suit was instituted in the circuit court of Jefferson county, on June 12, 1899, and on July 21, 1899, the sheriff returned the summons and complaint as executed, "by leaving a copy of the written summons and complaint with R. W. Baird, the defendant." The defend filed the following plea in abatement: "And now comes the defendant, R. W. Baird, and, appearing specially and for the purpose of this plea only, says that he ought not to be required to plead to the complaint filed in this cause, and that the same ought to be quashed and the said suit abated, because the said plaintiff, Mamie Lee, and her next friend, T. J. Lee, who is father of said plaintiff, are both non-residents of the State of Alabama, but are and have been for a long time, to-wit; from the day set forth in said complaint as the date of the grievances therein complained of to this day, citizens and residents of the county of Sunflower, in the State of Mississippi. That this defendant has been for the entire time aforesaid and still is now a non-resident of the State of Alabama, but a resident and citizen of said Sunflower county in the State of Mississippi, where he has during the entire time aforesaid resided, and where he still resides within a few miles of the residence of the plaintiff and said next friend, and that no reason exists or has existed why he might not be impleaded in the State and county of the residence of all the parties to this suit. And the defendant says that the process of this court, issued in this cause, was served upon him, whilst he was in transit, traveling through the State of Alabama from his home in Mississippi to the State of North Carolina. He further says that the cause of action set forth in said complaint did not arise in the State of Alabama, nor out of any contract made, transaction had, or act done or omitted, in said State of Alabama. Wherefore defendant prays judgment whether

he ought to be required to answer further to said complaint, and that the same be quashed and abated."

To this plea, the plaintiff demurred upon the following grounds: 1. That said plea does not show by any of the facts averred therein, any cause why said suit should not be maintained in said court, and is no answer to the complaint. 2. For that said plea does not aver or show that the defendant was induced by fraud or artifice into the jurisdiction of this court, and that he was personally served with process in this case in the county of Jefferson, where said suit is pending. 3. For that it appears from said plea that the defendant was personally served with process while in the jurisdiction of this court, viz., Jefferson county, State of Alabama; and that he was not induced to come into the jurisdiction of this court by the fraud of plaintiff or any one else, nor was he enticed into the jurisdiction of the same by artifice of plaintiff or any other person. 4. For that the facts averred and set out in said plea do not show sufficient ground or cause in law why this suit cannot be maintained in this court. 5. For that it appears in said plea that the defendant was personally served with process in this cause whilst in the jurisdiction of this court.

The court overruled the demurrer to the plea, and the plaintiff declining to plead further, judgment was rendered in favor of the defendant. From this judgment the plaintiff appeals, and assigns as error the ruling of the trial court in overruling the plaintiff's demurrer to the plea in abatement.

FRANK S. WHITE & SONS, for appellants.—The defendant was found in Jefferson county, Alabama, and was personally served by the sheriff with the summons and complaint. He was not enticed into the jurisdiction by any artifice or fraud of the plaintiff, but was here of his own accord. This gave the court jurisdiction. *Smith v. Gibson*, 83 Ala. 284; *Peabody v. Hamilton*, 106 Mass. 217.

[Wallace v. Crosthwait.]

GEORGE A. EVANS, *contra*, cited *Robinson v. Ocean Co.*, 2 L. R. A. 637; *Cen. R. R. & B. Co. v. Carr*, 76 Ala. 393; *Pullman P. Car Co. v. Harrison*, 122 Ala. 149; *Steen v. Swadley*, 126 Ala. 616.

DOWDELL, J.—The only distinction made by our statutes between residents and non-residents in the bringing of suits on summons and complaint in the courts of this State is, that in case of suit by a non-resident, security for costs must be given.—Code, § 1347. The defendant was served personally with process while within the jurisdiction of the court. There is no pretense that he was induced by the plaintiff by any fraud or otherwise to come within the jurisdiction of the court. The action is personal and transitory, and the case falls clearly within the principle laid down in *Smith v. Gibson*, 83 Ala. 284; *Steen v. Swadley*, 126 Ala. 616, and authorities there cited; Works on Jurisdiction, p. 43. This court has drawn a distinction in certain cases, in actions against non-resident corporations and non-resident individuals.—*Central R. R. & Banking Co. v. Carr*, 76 Ala. 388; *Pullman Palace Car Co. v. Harrison*, 122 Ala. 149. The reason assigned in those cases for not taking jurisdiction of defendant corporations, are not applicable in cases of natural persons, and, therefore, cannot be considered as authority in support of appellee's insistance. The court erred in overruling plaintiff's demurrer to the plea in abatement.

Reversed and remanded.