NATIONAL COUNCIL, JUNIOR ORDER OF UNITED AMERICAN MECHANICS v. HILL. (8 Div. 451.)

(Supreme Court of Alabama. April 13, 1922. Rehearing Denied June 30, 1922.)

1. Insurance ⚮810—Foreign incorporated benefit association doing business in state suable here.

If a nonresident incorporated benefit association is doing business in the state, an action against it is suable in the state, service being had on the insurance commissioner under Acts 1911, p. 712, § 17.

**2. Insurance ☜⟶805(1)—Reasonable conditions precedent to bringing suit against are binding.**

Members of mutual benefit associations are bound by reasonable provisions in the constitution and by-laws of such associations looking to the adjustment and settlement of claims without· recourse to suits at law.

**3. Insurance ☜⟶805(1)—Regulations unduly limiting members' rights to resort to courts held invalid.**

Provisions as a condition precedent to an action against benefit association that "No member * * * shall resort to the civil courts * * * until such member * * * shall have exhausted all remedies in the tribunals of the order" and prescribing the requisite procedure in getting an adjustment before the "national judiciary" *held* unreasonable and contrary to public policy.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Action for death benefit by Kate M. Hill against the National Council, Junior Order of United American Mechanics. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

The complaint reads as follows:

"Count one. The plaintiff claims of the defendant the sum of $500 due her in this: That defendant is a fraternal benefit order or society, having members paying taxes or assessments, and operating on the lodge system, with a condition or understanding that, upon the death of a member, said society will pay to the dependents of such deceased member certain benefits, and plaintiff alleges that she is the widow of one R. C. Hill, who, in his lifetime, was a member of the Flintville council No. 101, of the state of Tennessee, in said Junior Order, United American Mechanics, and while he was such a member, he died, on to wit, the 24th day of June, 1918, and that a part of the condition or consideration of his membership was that the said defendant should, upon his death, pay this plaintiff, the sum of $500. Plaintiff alleges that after the death of her said husband, R. C. Hill, she made proof of his death to the defendant and requested the payment to her of said $500, and that the defendant has failed and refused to pay the same.

Count two. Plaintiff claims of the defendant the sum of $500 due her on a policy or contract whereby the defendant did, during the lifetime of R. C. Hill, insure the life of the said R. C. Hill for and during the term for which he should pay to the defendant certain dues or assessments, and the said R. C. Hill died on to wit, the 24th day of June, 1918, while he was in good standing in said order, and not being in default or arrears in paying such dues or assessments, and of which the defendant has had notice. Said contract or policy of insurance is the property of plaintiff."

The following return was made by the sheriff:

"I have executed the within summons and complaint by serving three duplicate copies thereof on A. W. Briscoe, commissioner of insurance for the state of Alabama, this the 8th day of July, 1920."

Defendant's pleas in abatement 1 and 2 read as follows:

1. Comes the defendant, appearing specially, and for no other purpose and pleads that the plaintiff ought not to maintain this suit, for that: The said R. C. Hill named in the complaint, heretofore on the 2d day of May, 1914, became a member of Flintville council No. 101, of Tennessee, of the Junior Order of United American Mechanics; that said council, being on that date, and continuously thereafter to the present date, a subordinate council of defendant and whereby during the entire time of the membership of said R. C. Hill, in said subordinate council, the said R. C. Hill and all of his beneficiaries, the legal dependents, and the said council and all its members, and officers, became and still are fully bound by all the terms and conditions of the laws of the defendant, in full force and effect on said date, and continuously thereafter to the present date; and that, during the entire membership of said R. C. Hill, in said Flintville council, the following laws of the defendant were and still are in full force and effect, and binding upon said R. C. Hill, and all his beneficiaries and legal dependents, viz.: National Laws, division 4, § 12 (general section) 441:

"No member of the order nor his beneficiaries, nor legal dependents, and no council, state council, or other subordinate creation of the national council shall resort to the civil courts of the land for any legal or equitable remedies growing out of membership in the order, until such member, beneficiaries, legal dependents of councils shall have exhausted all remedies in the tribunals of the order as provided by the laws thereof."

National Laws, division 8, § 22 (general section 524):

"No member of the order, nor his beneficiary or dependent shall have the right to bring or maintain any action at law, or in equity, against the national council on account of funeral benefits. The funeral benefit department transacts no business, and has no contracts with the individual members of the order, but solely with the councils of the order, and in case of the refusal of the board of control to approve a death claim, and the council desires to appeal from such decision, it shall be the duty of the council within 60 days, to file with the secretary a bill of particulars giving all the facts of the case, whereupon it shall be the duty of the secretary to prepare the reasons for refusal to pay such claim, and forthwith present all papers in the case to the National Judiciary for final adjudication."

And defendant avers that it has performed all and singular the terms and conditions of

said laws on its part to be done and performed, but that, in violation thereof, said Flintville council failed and refused to present the claim for the death benefit, upon which this action is based, as required by such laws, and refused to appeal to the national judiciary of the defendant, as required by said laws, and, in consequence thereof, said council, and this plaintiff, as said alleged beneficiary, or legal dependent, of said R. C. Hill failed, and refused to exhaust its, or her, remedies in the tribunals of said order as required by said laws.

2. Comes the defendant, and, appearing especially and for no other purpose, files additional plea in abatement that the plaintiff ought not to maintain this suit, for that the defendant is a corporation incorporated under the laws of the state of Pennsylvania and not under the laws of the state of Alabama; that the contract on which plaintiff seeks to recover was made by R. C. Hill, a resident of the state of Tennessee, and the cause of action. if there was any cause of action under said contract, arose in the state of Tennessee; that at the time said cause of action arose plaintiff was a resident of the state of Tennessee, wherefore this court has no jurisdiction.

Thos. W. Wert, of Decatur, for appellant.

Action cannot be brought upon the funeral certificate until the remedies within the order have been exhausted. 176 Mich. 628, 142 N. W. 1052; 161 Ky. 665, 171 S. W. 455; 117 Cal. 370, 49 Pac. 170, 59 Am. St. Rep. 193; 132 Cal. 294, 64 Pac. 254; 115 Iowa, 398, 88 N. W. 834; 57 Kan. 647, 47 Pac. 533; 56 Ohio St. 224, 46 N. E. 577, 49 L. R. A. 381, 60 Am. St. Rep. 745; 134 Mich. 87, 95 N. W. 996; 2 Bacon, Ben. So. (3d Ed.) § 451. Plea 2 was not subject to demurrer. 122 Ala. 149, 25 South. 697, 82 Am. St. Rep. 68; 76 Ala. 388, 52 Am. Rep. 339.

E. C. Nix and G. O. Chenault, both of Albany, for appellee.

The filing of plea 1 was a general appearance. 135 Wis. 505, 115 N. W. 365, 16 L. R. A. (N. S.) 180. 3 Cyc. 525; 4 C. J. 1352; 25 Ala. 534; 150 Ala. 131, 43 South. 208. Such a contract as is set up in plea 1 would be contrary to public policy. 29 Cyc. 207.

ANDERSON, C. J. [1] The defendant's plea to the jurisdiction No. 2 does not negative the fact that service could be legally had on the defendant in this state as provided by section 17 of the Acts. 1911, p. 712. In other words, if the defendant, though a foreign corporation, was at the time of the suit doing business in this state and com-

208 ALA.—5

plied with section 17 of the Act of 1911, service was properly had upon the insurance commissioner, and, such being the case, this being a transitory action, it was suable in this state under the Act of 1907, Special Session, p. 67. Southern R. R. v. Jordan, 192 Ala. 528, 68 South. 418; Larue v. Kershaw Co., 177 Ala. 441, 59 South. 155. Therefore the rule as declared in Pullman Co. v. Harrison, 122 Ala. 149, 25 South. 697, 82 Am. St. Rep. 68, and the Carr Case (76 Ala. 388, 52 Am. Rep. 339), there cited, has been changed, and the trial court did not err in sustaining the demurrer to plea 2, or in declining to quash the service of process.

[2] While there is some conflict in the authorities as to what are and are not reasonable provisions as to a condition precedent to bringing an action at law against a mutual benefit society, it seems generally accepted that members of such associations are bound by the Constitution and by-laws and such reasonable provisions contained therein looking to an adjustment and settlement of the claim of a beneficiary under the policy, before suit can be brought for the collection of same. Bacon on Insurance (4th Ed.) § 564; Bacon on Benefit Societies, §§ 123 and 451.

[3] We find no authority, however, which holds that such a provision as the one set up in the defendant's plea 1, as amended, is reasonable and we unhesitatingly hold that the same is unreasonable and contrary to public policy. It seeks to preclude the plaintiff of her right to sue by the default, or nonaction, of the council of one of the defendant's subordinate orders, or lodges, and over whom the plaintiff has no control. From aught that appears from this plea, the plaintiff may have done all things reasonably necessary to procure a settlement and action by the Flintville council, and it would be unreasonable to cut off her right to legal redress because said council failed to present her claim or failed to appeal to the National Judiciary of the defendant.

The trial court did not commit reversible error in permitting the plaintiff to prove that her husband had paid his dues and was a member of the order. She paid some of the dues herself. Moreover, if there was error it was without injury, as the defendant did not question the membership or dues, but only the validity of the reinstatement based on his physical condition.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.