## McKNETT *v.* ST. LOUIS & SAN FRANCISCO RAILWAY CO.

No. 597. Argued March 12, 1934.—Decided April 30, 1934.

*Mr. J. Kirkman Jackson,* with whom *Mr. Walter S. Brower* was on the brief, for petitioner.

*Mr. L. D. Gardner, Jr.,* for respondent.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

This action was brought under the Federal Employers' Liability Act, in the Circuit Court of Jefferson County, Alabama, to recover damages for an injury suffered in Tennessee. The plaintiff, McKnett, is a resident of Tennessee. The defendant, St. Louis & San Francisco Railway Company, is a foreign corporation doing business in Alabama. It pleaded in abatement that the court lacked jurisdiction, since the cause of action had arisen wholly

in Tennessee and did not arise by the common law or statute of that State. The plea rested upon the limiting words of the Act of 1907, now embodied in § 5681, Code of 1923, which declares:

" Whenever, either by common law or the statutes of another state, a cause of action, either upon contract or in tort, has arisen in such other state against any person or corporation, such cause of action shall be enforcible in the courts of this state, in any county in which jurisdiction of the defendant can be legally obtained in the same manner in which jurisdiction could have been obtained if the cause of action had arisen in this state."

A demurrer to the plea was overruled; and the judgment entered thereon for the defendant was affirmed by the highest court of the State. 227 Ala. 349; 149 So. 822. This Court granted certiorari.

The courts of Alabama have, at all times, taken jurisdiction of suits between natural persons on transitory causes of action arising in another state, even if both of the parties were non-residents of Alabama.[1]   But prior to the Act of 1907, it had been consistently held, under the rule established by *Central Railroad & Banking Co.* v. *Carr,* 76 Ala. 388, that no Alabama court had jurisdiction of any suit against a foreign corporation unless the cause of action had arisen within the State.[2]   In the case at bar, the court held that, despite the 1907 Act, lack of

[1] *Steen* v. *Swadley,* 126 Ala. 616, 621; 28 So. 620.  *Lee* v. *Baird,* 139 Ala. 526; 36 So. 720.  Compare *Smith* v. *Gibson,* 83 Ala. 284; 3 So. 321.

[2] The conclusion seems to have been reached largely as a matter of statutory construction. *Pullman Palace Car Co.* v. *Harrison,* 122 Ala. 149, 153–155; 25 So. 697; *Steen* v. *Swadley,* 126 Ala. 616, 622; 28 So. 620; compare *Lee* v. *Baird,* 139 Ala. 526, 529; 36 So. 720. Apparently the rule was applied whether the plaintiff was a resident or a non-resident.  See *Louisville & Nashville R. Co.* v. *Dooley,* 78 Ala. 524; compare *Iron Age Publishing Co.* v. *Western Union Telegraph Co.,* 83 Ala. 498, 505–6; 3 So. 449.

232

jurisdiction still existed in respect to causes of action arising in another state under the federal law; because, since the statute was in plain terms limited to suits arising under the law of the other state, it could not be extended by construction to include causes of action arising in such other state under a federal law.

The plaintiff contends that by refusing to entertain jurisdiction, the state court has denied him a right expressly conferred by Congress and guaranteed by the Federal Constitution. The defendant insists that the statute as construed is consistent with the Federal Constitution; since a state may determine the limits of the jurisdiction of its courts, the character of the controversies which shall be heard in them; *Anglo-American Provision Co.* v. *Davis Provision Co., No. 1,* 191 U.S. 373; *Chambers* v. *Baltimore & Ohio R. Co.,* 207 U.S. 142, 148–9; and the extent to which its courts shall become a forum for the trial of transitory causes of action arising in other states. *Missouri Pacific R. Co.* v. *Clarendon Boat Oar Co.,* 257 U.S. 533; *Douglas* v. *New York, N. H. & H. R. Co.,* 279 U.S. 377.

Alabama has granted to its circuit courts general jurisdiction of the class of actions to which that here brought belongs, in cases between litigants situated like those in the case at bar.[3] The court would have had jurisdiction of the cause between these parties if the accident had occurred in Alabama. It would have had jurisdiction although the accident occurred in Tennessee, if the defendant had been a domestic corporation. It would have had jurisdiction, although the defendant was a foreign corporation, the plaintiff a nonresident, and the accident

[3] Compare *Western Union Telegraph Co.* v. *Pleasants,* 46 Ala. 641; *Equitable Life Assurance Society* v. *Vogel's Executrix,* 76 Ala. 441; *Southern Ry. Co.* v. *Jordan,* 192 Ala. 528, 529; 68 So. 418; *National Council* v. *Hill,* 208 Ala. 63; 93 So. 812; *Jefferson Island Salt Co.* v. *E. J. Longyear Co.,* 210 Ala. 352, 355; 98 So. 119.

occurred in Tennessee, if the suit had been brought for an injury suffered while engaged in intrastate commerce. Thus, the ordinary jurisdiction of the Alabama circuit court is appropriate to enforce the right against this defendant conferred upon the plaintiff by the Federal Employers' Liability Act. And its jurisdiction was invoked according to the rules of procedure prevailing in that court.

The power of a State to determine the limits of the jurisdiction of its courts and the character of the controversies which shall be heard in them is, of course, subject to the restrictions imposed by the Federal Constitution. The privileges and immunities clause requires a state to accord to citizens of other states substantially the same right of access to its courts as it accords to its own citizens. *Corfield* v. *Coryell,* 4 Wash.C.C. 371, 381. Compare *Canadian Northern Ry. Co.* v. *Eggen,* 252 U.S. 553. The full faith and credit clause requires a state court to take jurisdiction of an action to enforce a judgment recovered in another state, although it might have refused to entertain a suit on the original cause of action as obnoxious to its public policy. *Fauntleroy* v. *Lum,* 210 U.S. 230; *Kenney* v. *Supreme Lodge,* 252 U.S. 411, 415; *Loughran* v. *Loughran,* decided this day, *ante,* p. 216. By *Mondou* v. *New York, N. H. & H. R. Co.,* 223 U.S. 1, an action in a Connecticut court against a domestic corporation, it was settled that a state court whose ordinary jurisdiction as prescribed by local laws is appropriate for the occasion, may not refuse to entertain suits under the Federal Employers' Liability Act.

While Congress has not attempted to compel states to provide courts for the enforcement of the Federal Employers' Liability Act, *Douglas* v. *New York, N. H. & H. R. Co.,* 279 U.S. 377, 387, the Federal Constitution prohibits state courts of general jurisdiction from refusing to do so solely because the suit is brought under a federal

234

law. The denial of jurisdiction by the Alabama court is based solely upon the source of law sought to be enforced. The plaintiff is cast out because he is suing to enforce a federal act. A state may not discriminate against rights arising under federal laws.

*Reversed.*