## KAMPE v. MICHAEL YUNDT CO.

### Civ. A. No. 4048.

District Court, E. D. Wisconsin.

Dec. 10, 1946.

David Beznor, of Milwaukee, Wis., for plaintiff.

Victor M. Harding, of Milwaukee, Wis., for defendant.

Kenneth P. Montgomery, of Chicago, Ill., Wage and Hour Administration, amicus curiae.

DUFFY, District Judge.

This is an action under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C.A. § 216(b), for alleged overtime compensation and an additional sum by way of liquidated damages. The period involved runs from June 29, 1942, to March 15, 1946. This action was commenced on August 27, 1946.

The matter before the court is to determine the preliminary question whether that portion of plaintiff's claim accruing prior to August 27, 1944, is barred by Section 330.21(5), Wisconsin Statutes.

The statute reads: "Within two years: * * * (5) Any action brought on a claim or cause of action which has arisen or may arise under the provisions of any federal statute or as a result of orders, rules and regulations prescribed by authority of federal statute or rights created or established by any such statute when no period of limitation has been prescribed by any federal act applicable in either of such cases, whether the claim or cause of action be penal or contractural in nature, provided that actions on such claims or causes of action which on August 25, 1945 are in existence and are more than 2 years old shall be commenced before January 1, 1946."

Section 330.19 of the Wisconsin Statutes reads: "Within six years: * * * (3) An

action upon any other contract, obligation or liability, express or implied, except those mentioned in sections 330.16 and 330.18. (4) An action upon a liability created by statute when a different limitation is not prescribed by law."

█ It will be noted that Section 330.-21(5) imposes a two year limitation on claims arising under any federal statute which does not contain a limitation provision of its own. The Fair Labor Standards Act does not provide any period of limitation for suits brought by employees under Section 16(b) of the act. Therefore, an applicable valid State statute of limitations would govern, and the sole question to be here considered is whether Section 330.21 is invalid and unconstitutional as applied to such actions under the Fair Labor Standards Act.

It is apparent that the Wisconsin Legislature sought to limit a cause of action under the Fair Labor Standards Act to two years, but at the same time continued a six year statute of limitations "Upon any other contract, obligation or liability, express or implied." Causes of action arising in Wisconsin under federal statutes are thus singled out for specific and special limitations.

█ A State statute may not discriminate against rights arising under federal laws. McKnett v. St. Louis & San Francisco Railway Co., 292 U.S. 230, 234, 54 S.Ct. 690, 78 L.Ed. 1227. In Miles v. Illinois Central Railroad Co., 315 U.S. 698, 703, 62 S.Ct. 827, 830, 86 L.Ed. 1129, 146 A.L.R. 1104, the Supreme Court said where the right arises "Not from the state law but from the federal * * * the courts of the several states must remain open to such litigants on the same basis that they are open to litigants with causes of action springing from a different source." An Iowa statute limiting causes of action arising under federal statutes to six months was held invalid in Republic Pictures Corp. v. Kappler, 327 U.S. 757, 66 S.Ct. 523, rehearing denied 327 U.S. 817, 66 S.Ct. 804.

The State of Oregon passed a statute, Chapter 265, Oregon Session Laws of 1943, which reduced from six years to six months "Recovery for overtime or premium pay accrued or accruing, including, penalties thereunder, required or authorized by any statute * * *." The Ninth Circuit Court of Appeals in E. H. Clarke Lumber Co. v. Kurth, 152 F.2d 914, expressed its full approval of a decision of the Supreme Court of Oregon holding this statute invalid. See: Fullerton v. Lamm, Or., 163 P.2d 941.

Though taking cognizance of the decisions above quoted, defendant claims they do not here apply because a two year limitation is reasonable, whereas a six months limitation is not, and supports this contention with the fact both Houses of Congress passed amendments to the Fair Labor Standards Act of 1938 calling for a two year statute of limitations, but which did not become law because of the adjournment of Congress. He contends that decisions holding six months statutes of limitations invalid should have no persuasive force in this case.

It is true that both Houses of Congress did pass legislation which, if finally enacted into law, would have provided a two year statute of limitation under the Fair Labor Standards Act. Congress of course has the complete power to set whatever limitations it deems advisable in its laws, but having fixed a similar two year limit in amendments to the Fair Labor Standards Act which failed of final enactment does not avoid the discrimination of the Wisconsin statute which sets a limitation of two years for actions such as the case at bar while providing a six year limitation for actions arising under the statutes of the State.

█ I conclude that Section 330.21(5), Wisconsin Statutes, discriminates against claims arising under the Fair Labor Standards Act of 1938, and is therefore void; and that the portion of plaintiff's claim accruing prior to August 27, 1944, is not barred by said section.