**Billy CRAWFORD, Etc., Plaintiff,**

v.

**MINUTEMEN GOURMET FOODS, INC.,
A Delaware Corporation, Defendant.**

**Civ. A. No. 80–0018–N.**

United States District Court,
M. D. Alabama, N. D.

May 2, 1980.

182

David B. Byrne, Jr., and John M. Bolton, III, Robison & Belser, Montgomery, Ala., for plaintiff.

George B. Azar, Azar, Campbell & Azar, Montgomery, Ala., for defendant.

## ORDER

VARNER, Chief Judge.

This cause is now before the Court on Defendant Minutemen's motion to dismiss filed herein February 6, 1980. Oral argument on the motion was held March 4, 1980. Jurisdiction has been alleged pursuant to 28 U.S.C. § 1332 based on diversity of citizenship and amount in controversy. Generally, Minutemen contends that this Court lacks personal jurisdiction over it under the facts of this cause; however, this Court is of the opinion that it may exercise personal jurisdiction over Minutemen without exceeding the limits of procedural due process for the reasons stated herein.

The facts pertaining to the question of whether this Court may entertain personal jurisdiction over Minutemen are not in serious dispute. Plaintiff Crawford is an individual citizen of the State of Florida residing in Panama City, Florida. Defendant Minutemen is a corporation organized and existing under the laws of the State of Delaware, which, at all times material to this cause, maintained its principal place of business in the State of Illinois.

On or about April 16, 1979, Crawford and Minutemen entered into a distributorship agreement. In consideration of $40,000.00 paid by Crawford, Minutemen granted Crawford an exclusive right to distribute Minutemen's products in the following geographic area: "Florida Territory—Western boundary, Alabama state line—Southern Boundary—Route 24 Northeast to Highway 41 North to Georgia state line, Alabama territory—principal cities—Brewton, Dothan, Andalusia, Enterprise, Atmore." Pursuant to said agreement, Minutemen shipped products to Crawford, and, consequently, Crawford sold products for distribution within his exclusive territory, which included parts of Alabama.

Crawford filed this diversity cause alleging that on or about April 2, 1979, Minutemen sold to another distributor portions of the same exclusive Alabama marketing territory. The "other distributor" was Earl Mitchell of Montgomery, Alabama, who has also brought suit in this Court against Minutemen alleging that Minutemen sold to Crawford a portion of Mitchell's exclusive Alabama marketing territory. *Mitchell v. Minutemen Gourmet Foods*, No. 80–0017–N (M.D.Ala.1980). The dispute arises solely out of those portions of the two separate distributorship agreements which purport to grant exclusive marketing rights to por-

tions of southern Alabama to both Crawford and Mitchell.[1]

The Due Process Clause of the Fourteenth Amendment to the United States Constitution limits the power of federal district courts sitting in diversity cases to enter judgments which affect the rights or interests of persons who are not residents of the State in which the district court sits. It is axiomatic to state that a court may only enter a valid judgment imposing a personal obligation upon a person when the Court has jurisdiction over that person. *Pennoyer v. Neff*, 95 U.S. 714, 732–33, 24 L.Ed. 565 (1878). The existence of personal jurisdiction depends on the presence of (1) perfected service of process giving notice to the defendant of the suit being brought, *Mullane v. Hanover Trust Co.*, 339 U.S. 306, 313–14, 70 S.Ct. 652, 656–57, 94 L.Ed. 865 (1950), and (2) sufficient minimum contacts between the forum State and the defendant so as to render it just and reasonable to force the defendant to come to the forum State to defend the suit. *Kulko v. California Superior Court*, 436 U.S. 84, 91, 98 S.Ct. 1690, 1697, 56 L.Ed.2d 132 (1977).

In this cause, notice of the suit was given pursuant to the substituted service of process provisions of the Alabama Rules of Civil Procedure.[2] Rule 4.2(a)(2)(B) & (I), of the Alabama Rules of Civil Procedure provide in part:

"A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person's . . . contracting to supply services or goods in this state . . . . [or] otherwise having some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action."

In *Semo Aviation, Inc. v. Southeastern Airways*, 360 So.2d 936 (Ala.1978), the Alabama Supreme Court stated:

"Until quite recently, an analysis of this question [of personal jurisdiction] would have * * * consisted of a bifurcated inquiry. Initially, a court would decide if assertion of *in personam* jurisdiction over a non-resident defendant was authorized by the terms of the [long-arm] statute. If a court decided it was not so authorized, the inquiry would be ended, and the court would not assert jurisdiction. . . Under this analysis, the question would often revolve around the issue of whether the defendant was 'doing business' in Alabama or whether his action 'accrued' here.

" * * *

"More recently, however, this Court as well as the Fifth Circuit has eschewed this two-step inquiry and has instead held that the scope of substituted service under the statute is as broad as the permissible limits of due process. *DeSotacho, Inc. v. Valnit Industries, Inc.*, 350 So.2d 447 (Ala.1977); *Schoel v. Sikes Corp.*, 533

---

1. Minutemen's agreement with Mitchell named several Alabama counties, including Houston and Coffee counties. Dothan, Alabama, is in Houston County, and Enterprise, Alabama, is in Coffee County. As stated above, Crawford was granted exclusive right to distribute in Dothan and Enterprise, Alabama. The two suits were filed simultaneously with the same counsel representing Crawford and Mitchell.

This Court takes judicial notice of the record in the suit filed by Mitchell in which Minutemen also contested personal jurisdiction. It is undisputed in that cause that Minutemen negotiated with Mitchell in Alabama, that Mitchell signed the distributorship agreement in Alabama, and that Minutemen sent its products into Alabama pursuant to the distributorship agreement.

2. Rule 4(e) of the Federal Rules of Civil Procedure provides, *inter alia*, that: "Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state * * * service may * * * be made under the circumstances and in the manner prescribed in the statute or rule." Rules 4.2(b) and 4.3 of the Alabama Rules of Civil Procedure provide that service of process outside of Alabama, when proper, may be made by either certified mail, process server or, in limited circumstances, by publication. Rule 4.2 constitutes the entire Alabama "long-arm" statute. All other such statutes were omitted from the Alabama Code of 1975.

F.2d 930 (5th Cir. 1976). The rationale is now officially sanctioned by Rule 4.2, A.R.C.P., which brings together the various Alabama 'long-arm' statutes into one rule. See 'Committee Comments' to Rule 4.2." *Id.*, at 938–39.

Since Minutemen has not contested the sufficiency of notice, the issue in this cause from the outset, therefore, is whether the exercise of jurisdiction over Minutemen under the facts of this cause meets the requirements of procedural due process. The answer to that question depends on whether Minutemen has sufficient contacts with the State of Alabama such that forcing Minutemen to come to Alabama to defend itself does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Whether Minutemen can be considered "present" in Alabama is no longer material to a procedural due process jurisdictional analysis. *Shaffer v. Heitner*, 433 U.S. 186, 203, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977).

■ Minutemen's contacts with the State of Alabama arising solely out of this suit are limited to the fact (1) that several Alabama cities are specifically mentioned as part of Crawford's "exclusive" marketing territory and (2) that Minutemen delivered its products to Crawford in Florida for sale in portions of Alabama pursuant to said distributorship agreement and some goods were actually thereby sold in Alabama. The above contacts are directly related to the suit filed by Crawford against Minutemen.[3]

This Court is of the opinion that, even if the only basis for the exercise of personal jurisdiction over Minutemen are those contacts mentioned in the preceding paragraph, Minutemen is amenable to suit in Alabama based upon Crawford's claim that Minutemen granted another distributor the same or part of the same exclusive Alabama territory.

■ The Supreme Court has recently reiterated that the test of whether a nonresident corporation is amenable in the forum State to a suit should also focus on whether the contacts involving the nonresident were the result of actions taken by the nonresident that reasonably constitute purposefully conducting activities within the forum State. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Although *World-Wide Volkswagen* involved a suit in tort, in a suit involving breach of a written contract, the evidence of the nonresident corporation's intent with regard to conducting activities within the forum State may be set out in the contract itself. Such is the case sub judice.

In this cause, it cannot be said that Minutemen has not purposefully taken actions to avail itself of the benefits of serving the Alabama market when, in its own distributorship agreement, it sets out specifically the names of Alabama cities in which it is granting "exclusive" marketing rights. While such a distributorship agreement may not render Minutemen subject to Alabama's jurisdiction regarding any suit brought against it, the distributorship agreement suffices to establish personal jurisdiction over Minutemen under the facts of this case, independent of the facts established in the companion case involving the sale of a distributorship to an Alabama resident.[4] Such analysis is consistent with the concept recognized in other States that "doing business" in a State includes entering into a contract to be performed in whole or in part in the forum State. See, *e. g.*,

---

**3.** In order to properly utilize the Alabama "long-arm" statute, the claim for relief must be "related or associated" with the minimum contacts forming the basis of jurisdiction. *Schoel*, supra, at 932.

**4.** See Notes 1 and 3 supra. This Court will not address the issue of whether the contacts between Minutemen and the State of Alabama in the previously-mentioned companion case should be analyzed to establish that Minutemen is subject to this Court's jurisdiction in this cause.

*Walker v. Newgent,* 583 F.2d 163, 166 (5th Cir. 1978) [Texas].

The fact that this cause involves a dispute between two non-residents of the State of Alabama does not divest this Court of personal jurisdiction over Minutemen. In *McKnett v. St. Louis & San Francisco Railway,* 292 U.S. 230, 54 S.Ct. 690, 78 L.Ed. 1227 (1934), the United States Supreme Court noted that the privileges and immunities clause required the State of Alabama to extend to nonresident plaintiffs substantially the same access to Alabama courts that is provided residents of Alabama. *Id.,* at 233, 54 S.Ct. at 691. The Supreme Court reversed a determination by Alabama courts that they lacked jurisdiction to hear a claim under the Federal Employers' Liability Act for personal injury occurring in Tennessee brought by a resident of Tennessee against a foreign corporation. *Id.,* at 234, 54 S.Ct., at 692. Had this action been brought by an Alabama citizen, this Court is of the opinion that the State courts of Alabama would have entertained personal jurisdiction over Minutemen based only on the contacts referred to previously. Therefore, under the privileges and immunities clause of the United States Constitution, Crawford is entitled to substantially the same access to Alabama courts and to federal district courts sitting in Alabama exercising diversity jurisdiction. Accordingly, it is

ORDERED by this Court that Minutemen's aforesaid motion to dismiss be, and the same is hereby, denied.