689 So.2d 1354 (1997)
William R. RUSSELL, Sr.
v.
CSX TRANSPORTATION, INC.
Nos. 96-CA-2151, 96-CA-2362.
Supreme Court of Louisiana.
February 25, 1997.
*1355 Raymond Joseph Salassi, Jr., Mark Wayne Mercante, New Orleans, for Applicant in Nos. 96-CA-2151 and 96-CA-2362.
Benjamin Burt Saunders, Blake George Arata, Jr., C. Perrin Rome, III, William Thomas D'Zurilla, for Respondent in Nos 96-CA-2151 and 96-CA-2362.
TRAYLOR, Justice.[*]
This case comes to this Court on direct appeal from the Civil District Court of Orleans Parish pursuant to Louisiana Constitution Article 5, Section 5(D) upon a declaration by that court that Paragraph B of Article 123 of the Louisiana Code of Civil Procedure violates the United States Constitution.

ISSUE
Paragraph B of Article 123, forum non conveniens, of the Louisiana Code of Civil Procedure allows a trial court to dismiss a suit without prejudice where the claim is predicated solely on a federal statute and based on acts or omissions originating outside of Louisiana and there exists a more appropriate forum outside of Louisiana. The issue in this case is whether this article, specifically paragraph B, violates the Supremacy Clause of the United States Constitution.
Because article 123 B allows a Louisiana court to dismiss a cause of action arising under federal law where such court could not dismiss a like claim arising under state law, we find that article 123 discriminates against claims arising under federal law solely because *1356 such claims do arise under federal law and thereby violates the Supremacy Clause of the United States Constitution. We therefore affirm the trial court's declaration of the unconstitutionality of article 123 B of the Louisiana Code of Civil Procedure.
As our finding is based entirely upon the Supremacy Clause, we do not address the validity of that portion of the trial court's judgment which declares that article 123B also violates the Privileges and Immunities and the Equal Protection Clauses of the United States Constitution and the Open Courts and Equal Protection Clauses of the Louisiana Constitution.

FACTS
William Russell, Sr., a resident of Florida, was allegedly injured on April 20, 1994 in Waycross, Georgia at a CSX facility while working on an engine. On February 17, 1995, Russell filed suit against CSX in the Civil District Court for the Parish of Orleans alleging claims under the Federal Employers Liability Act (FELA). After receiving Russell's responses to interrogatories which revealed that all witnesses resided in either Georgia or Florida, and because all of Russell's medical examinations and treatments have been in Florida and the suit involved only a federal cause of action, CSX filed a Motion to Dismiss for Forum Non Conveniens under La.Code Civ. P. art. 123 B on March 4, 1996 stating that a more appropriate forum would be either Georgia or Florida. CSX had first raised the forum non conveniens issue in its May 3, 1995 original answer.
The trial court denied defendant's motion to dismiss finding La.Code Civ. P. art. 123 B unconstitutional. The trial court's order declared that article 123B was a violation of "the privileges and immunities clause of the U.S. Constitution, the equal protection clauses of the Federal and State Constitutions, and the access to courts guarantee of the Louisiana Constitution."

LAW
Despite the language of the trial court's order, the actual constitutional challenge is based on the Supremacy Clause of the U.S. Constitution. The reasoning and authority cited by the order are based on the Supremacy Clause and it is upon that clause which this Court now determines that La.Code. Civ. P. art. 123 B is unconstitutional.

Supremacy Clause
The Supremacy Clause of the U.S. Constitution prohibits state courts of general jurisdiction from refusing to enforce a federal cause of action solely because it is a federal cause of action. Howlett v. Rose, 496 U.S. 356, 367-75, 110 S.Ct. 2430, 2438-42, 110 L.Ed.2d 332 (1990). "A state may not discriminate against rights arising under federal law." McKnett v. St. Louis & S.F. Ry. Co., 292 U.S. 230, 234, 54 S.Ct. 690, 692, 78 L.Ed. 1227 (1934).
Under the Supremacy Clause, state courts have a coordinate responsibility to enforce federal law in accordance with their own procedure. Howlett, 496 U.S. at 367, 110 S.Ct. at 2438. Absent a valid excuse, a state court may not refuse to enforce a federally created right when the parties and controversy are properly before such court. Id. (citing to Douglas v. New York, 279 U.S. 377, 387-88, 49 S.Ct. 355, 356, 73 L.Ed. 747 (1929)). Although there is no requirement for states to create courts of competent jurisdiction to hear claims based on federal law, federal rights "may be enforced, as of right, in the courts of the states when their jurisdiction, as prescribed by local laws, is adequate to the occasion." Howlett, 496 U.S. at 372-73, 110 S.Ct. at 2441 (specifically referring to FELA rights and citing to Mondou v. New York, New Haven & Hartford R.R. Co., 223 U.S. 1, 59, 32 S.Ct. 169, 178-79, 56 L.Ed. 327 (1912)).
The U.S. Supreme Court specifically addressed the issue of state court enforcement of FELA rights in McKnett v. St. Louis & S.F. Ry. Co., 292 U.S. 230, 54 S.Ct. 690, 78 L.Ed. 1227 (1934). "While Congress has not attempted to compel states to provide courts for the enforcement of the Federal Employer's Liability Act, the Federal Constitution prohibits state courts of general jurisdiction from refusing to do so solely because the suit is brought under a federal law." McKnett, 292 U.S. at 233-34, 54 S.Ct. *1357 at 692. The Court in McKnett struck down a state's denial of jurisdiction because the denial was based solely upon the source of law being federal. Id. at 234, 54 S.Ct. at 692. Where a state court has jurisdiction to hear similar claims based on state law, a refusal to hear a FELA action solely because it arises from federal law constitutes discrimination against federal rights which is prohibited by the Supremacy Clause. Howlett, 496 U.S. at 373, 110 S.Ct. at 2441 (discussing McKnett).
As noted above, there may be a "valid excuse" for a state court's refusal to hear a federal cause of action. The U.S. Supreme Court has found a valid excuse on only three occasions and each involved a neutral, non-discriminatory rule of administration. Howlett, 496 U.S. at 374, 110 S.Ct. at 2441-42. Two of these occasions are of relevance to the instant case.[1]
In Douglas v. New York, 279 U.S. 377, 49 S.Ct. 355, 73 L.Ed. 747 (1929), the Court upheld a state statute which permitted dismissals of both federal and state claims involving nonresident defendants and plaintiffs. Howlett, 496 U.S. at 374, 110 S.Ct. at 2441-42.
In Missouri v. Mayfield, the Court held that a state could apply the doctrine of forum non conveniens to dismiss a FELA case if the state would deny resort to its courts in similar state law based cases. 340 U.S. 1, 71 S.Ct. 1, 95 L.Ed. 3 (1950). There would be no constitutional violation so long as the state applied the doctrine impartially and did not invoke it in such a way as to discriminate against FELA suits. Id. at 4, 71 S.Ct. at 2-3.

Article 123 B
Article 123, Forum non conveniens, of Chapter 2, Venue, of the Louisiana Code of Civil Procedure provides:
A. For the convenience of the parties and the witnesses, in the interest of justice, a district court upon contradictory motion, or upon the court's own motion after contradictory hearing, may transfer a civil case to another district court where it might have been brought; however, no suit brought in the parish in which the plaintiff is domiciled, and in a court which is otherwise a court of competent jurisdiction and proper venue, shall be transferred to any other court pursuant to this Article.
B. Except as provided in Paragraph C, upon the contradictory motion of any defendant in a civil case filed in a district court of this state in which a claim or cause of action is predicated solely upon a federal statute and is based upon acts or omissions originating outside of this state, when it is shown that there exists a more appropriate forum outside of this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interest of justice, the court may dismiss the suit without prejudice; however, no suit in which the plaintiff is domiciled in this state, and which is brought in a court which is otherwise a court of competent jurisdiction and proper venue, shall be dismissed pursuant to this Article. In the interest of justice, and before the rendition of the judgment of dismissal, the court shall require the defendant or defendants to file with the court a waiver of any defense based upon prescription, provided that a suit on the same cause of action is commenced in a court of competent jurisdiction within sixty days from the rendition of the judgment of dismissal.
C. The provisions of Paragraph B shall not apply to claims brought pursuant to 46 USC § 688 or federal maritime law.
This Court recently held that district courts lack the inherent authority to dismiss a case based on forum non conveniens. Fox v. Board of Supervisors of LSU, 576 So.2d 978, 989 (La.1991). We further held that Article 123 of the Code of Civil Procedure was the only source of authority for dismissal of a suit under the doctrine of forum non conveniens. Id. at 990.
*1358 Therefore, because Article 123 contains no express provision for dismissal of state law based causes of action, only actions predicated solely upon federal statutes may be dismissed under the doctrine.

ANALYSIS
Louisiana courts lack the inherent authority to dismiss a cause of action under the doctrine of forum non conveniens and are statutorily allowed to dismiss only actions based on federal statutes. Therefore, foreign causes of action based on state law must be entertained by Louisiana courts where jurisdiction is otherwise proper, whereas a similar suit based on federal statute may be dismissed under Article 123 B with the sole difference being that the latter is based on federal statute. Thus, Article 123 B allows discrimination against federally created rights for the sole reason that they are federally created. Howlett v. Rose, 496 U.S. 356, 367-75, 110 S.Ct. 2430, 2438-42, 110 L.Ed.2d 332 (1990), and the Supremacy Clause of the Federal Constitution prohibit such discrimination.
Furthermore, La.Code Civ. P. art. 123 B does not fall within the valid excuse exception recognized in Douglas v. New York, 279 U.S. 377, 49 S.Ct. 355, 73 L.Ed. 747 (1929), and in Missouri v. Mayfield, 340 U.S. 1, 71 S.Ct. 1, 95 L.Ed. 3 (1950). Unlike the state statute that the U.S. Supreme Court upheld in Douglas which permitted dismissals of both federal and state claims involving nonresident defendants and plaintiffs, Article 123 allows dismissals of only federal claims. Contrary to that court's holding in Mayfield which would allow a state to dismiss a FELA action under forum non conveniens if the state would likewise dismiss a similar state law action, a Louisiana court cannot dismiss the similar state claim. Thus, absent a provision in Article 123 which would allow dismissal of state law suits based upon acts or omissions originating outside of this state, Article 123 B has no valid excuse and unconstitutionally discriminates against federal causes of action.

CONCLUSION
Under Article 123 B of the Louisiana Code of Civil Procedure, a Louisiana court can dismiss a cause of action under the doctrine of forum non conveniens when the suit is predicated solely upon a federal statute and based on actions or omissions arising outside of Louisiana. A Louisiana court, however, could not dismiss the same suit if it were brought under state law since the court has no inherent authority to do so following Fox v. Board of Supervisors of LSU, 576 So.2d 978 (La.1991). Because Article 123 has no provision for dismissal of suits arising under state law for forum non conveniens, we find that Article 123 B unconstitutionally discriminates against federal rights in violation of the Supremacy Clause of the United States Constitution.
We, therefore affirm the trial court's finding that Article 123 B of the Louisiana Code of Civil Procedure is in violation of the Supremacy Clause of the U.S. Constitution. As our holding is based entirely upon the Supremacy Clause, we do not address that portion of the trial court's judgment which declares that Article 123 B also violates other provisions of the federal and state constitutions.
AFFIRMED.
NOTES
[*] Knoll, J., not on panel. Rule IV, Part 2, § 3.
[1] The third valid excuse found by the Court was in Herb v. Pitcairn, 324 U.S. 117, 65 S.Ct. 459, 89 L.Ed. 789 (1945) which involved dismissal of a FELA action from a city court because under the state constitution the city court lacked territorial jurisdiction to hear matters arising outside of the city.