## CALDWELL et al. v. ALABAMA DRY DOCK & SHIPBUILDING CO.

### ANDREWS et al. v. SAME.
### Nos. 11866, 11869.

Circuit Court of Appeals, Fifth Circuit.
April 25, 1947.

84

Samuel M. Johnston and Allan R. Cameron, both of Mobile, Ala., for appellants.

Bessie Margolin, Asst. Sol., U. S. Dept. of Labor, of Washington, D. C., amicus curiae.

Charles B. Arendall, Jr. and T. Massey Bedsole, both of Mobile, Ala., for appellee.

Gessner T. McCorvey, of Mobile, Ala., Borden Burr, Birmingham, Ala., and Leon E. Hickman and Frank L. Seamans, both of Pittsburgh, Pa., amicus curiae.

Before McCORD, WALLER, and LEE, Circuit Judges.

McCORD, Circuit Judge.

Action was filed for the recovery of overtime compensation, liquidated damages, and attorney's fees under the provisions of the Fair Labor Standards Act of 1938, §§ 1–19, 29 U.S.C.A. §§ 201–219. These appeals by intervening employees are from judgments entered against them on the ground that their claims were barred by the Alabama one-year statute of limitations.[1] General Acts of Alabama of 1943, No. 394, p. 363, Alabama Code of 1940, Title 7, § 26(1).

These appeals raise the issue of the constitutionality, vel non, of the Alabama one-year statute of limitations, enacted in 1943, and which is as follows:

"No.394) "(S. 166—Simpson)

### AN ACT[2]

"To limit the time within which suits may be brought in the courts of this State for the recovery of wages, overtime, damages fees or penalties accruing under laws re-

---

[1] In Case No. 11869 judgment was entered after the intervention had been allowed and defendant had interposed the one-year statute of limitations as a defense. In Case No. 11866 the court denied intervention and, of its own motion, applied the one-year statute of limitations to bar interveners' claims.

[2] This Act appears in the official Alabama Code of 1940 as Sec. 26(1) of Title 7: "All suits and actions for the recovery of wages, overtime, damages, fees or penalties accruing under laws respecting the payment of wages, overtime, damages, fees and penalties, and specifically under the act of congress known

specting the payment of wages and over-time, and specifically under the Act of Congress designated as the Fair Labor Standards Act of 1938 and similar laws.

"Be it Enacted by the Legislature of Alabama:

"Section 1. That all suits and actions for the recovery of wages, overtime, damages, fees or penalties accruing under laws respecting the payment of wages, overtime, damages, fees and penalties, and specifically under the Act of Congress known as the Fair Labor Standards Act of 1938, as same has been or may hereafter be amended, and all other similar Acts shall be brought within one year after the accrual of such cause of action, and all such causes of action accruing prior to the date hereof shall be brought within one year after the passage of this Act. This Act shall not affect suits pending at the time of its passage.

"Section 2. This Act shall become effective upon its signature by the Governor.

"Section 3. All laws or parts of laws in conflict herewith are hereby repealed.

"Approved July 6, 1943."

Neither the Fair Labor Standards Act nor any other federal law prescribed a period of limitation for suits brought by employees under Section 16(b) of the Act. In the absence of a federal statute of limitations affecting such claims, it is well settled that valid state statutes of limitation are applicable. Campbell v. City of Haverhill, 155 U.S. 610, 15 S.Ct. 217, 39 L.Ed. 280; Bauserman v. Blunt, 147 U.S. 647, 13 S.Ct. 466, 37 L.Ed. 316; Culver v. Bell & Loffland, 9 Cir., 146 F.2d 29; Loggins v. Steel Construction Co., 5 Cir., 129 F.2d 118.

When the Fair Labor Standards Act of 1938 was passed, wage and hour claims in Alabama fell within the ambit of Alabama's general statutes of limitation which provide a three-year limitation for claims on an implied contract of employment and a six-year limitation on claims arising under an express contract of employment. Alabama Code of 1940, Title 7, §§ 21 and 24. Cf.

Hood v. League, 102 Ala. 228, 14 So. 572; Chambers v. Seay, 87 Ala. 558, 6 So. 341.

Alabama Act No. 394 of July 6, 1943, attempted to set up a separate classification with a shorter period of limitation. We need not concern ourselves with the motives actuating the State Legislature in the enactment of this new statute of limitations, for in considering the constitutionality of a state statute the courts will presume that the Legislature acted from a proper motive. "If a state has the power to do an act, its intention or the reason by which it is influenced in doing it cannot be inquired into." Doyle v. Continental Ins. Co., 94 U.S. 535, 24 L.Ed. 148; 12 C.J., Constitutional Law, § 224; 16 C.J.S., Constitutional Law, § 100.

There is no basis for an attack on the Alabama Act on the ground that a short limitation period of one year is unreasonable. The lawmaking body is the primary judge as to what is a reasonable time limitation for the bringing of actions, and courts will not inquire into the wisdom of a legislative decision establishing a period of limitation unless the time allowed is so manifestly insufficient as to amount to a denial of justice. Limitation of Actions, 34 Am. Jur. § 22; Wilson v. Iseminger, 185 U.S. 55, 62, 63, 22 S.Ct. 573, 46 L.Ed. 804. On wage claims it cannot be said that an act of general application providing for a limitation period of one year is so unreasonable as to amount to a denial of justice. Cf. Loggins v. Steel Construction Co., 5 Cir., 129 F.2d 118, 121.

We are of opinion, however, that from a constitutional viewpoint the Alabama one-year statute of limitations is vulnerable on the ground that it discriminates against rights and causes of action arising under a valid federal statute. Valid federal laws are part of the supreme law of the land, and a state may not discriminate against rights created by or arising under such laws. Article VI, Constitution of the United States; Republic Pictures Corp. v.

as the fair labor standards act of 1938, as same has been or may hereafter be amended, and all other similar acts shall be brought within one year after the accrual of such cause of action, and all such causes of action accruing prior to the date hereof shall be brought within one year after the passage of this section. This section shall not affect suits pending at the time of its passage."

Kappler, 8 Cir., 151 F.2d 543, affirmed 327 U.S. 757, 66 S.Ct. 523; Pufhal v. Estate of Parks, 299 U.S. 217, 227, 57 S.Ct. 151, 81 L.Ed. 133; Metcalf v. City of Watertown, 153 U.S. 671, 677, 14 S.Ct. 947, 38 L.Ed. 861; Miles v. Illinois Central R. Co., 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed. 1129, 146 A.L.R. 1104; McKnett v. St. Louis & S. F. R. Co., 292 U.S. 230, 54 S.Ct. 690, 78 L.Ed. 1227; Rockton & Rion R. Co. v. Davis, 4 Cir., 159 F.2d 291. Cf. Fullerton v. Lamm, 177 Or. 655, 163 P.2d 941; Swick v. Glenn L. Martin Co., 4 Cir., 160 F.2d 483.

■ Appellee contends that the language of the Alabama Act clearly shows that the statute creates a reasonable classification of claims and that its field of operation is not limited to claims arising under the Fair Labor Standards Act of 1938. They direct attention to the language of the Act specifying the Fair Labor Standards Act "and all other similar Acts". But there are no wage and hour laws or other "similar Acts" in Alabama. What then is the practical, natural, and reasonable effect of the questioned statute? "In whatever language a statute may be framed, its purpose must be determined by its natural and reasonable effect." Henderson v. Mayor of New York City, 92 U.S. 259, 23 L.Ed. 543; State of Minnesota v. Barber, 136 U.S. 313, 319, 10 S.Ct. 862, 34 L.Ed. 455; Brimmer v. Rebman, 138 U.S. 78, 82, 11 S.Ct. 213, 34 L.Ed. 862.

Prior to enactment of Alabama Act No. 394 of 1943, all actions for wages in Alabama were subject to the three-year or six-year statutes of limitation. Act No. 394 attempted to place a one-year limit on actions arising under the Fair Labor Standards Act of 1938, and "similar Acts"[3] (of which there are none in Alabama). All other wage claims remained unaffected and subject to the prior-existing three-year and six-year statutes. Wage earners in Alabama not engaged in commerce are, therefore, favored and allowed a much longer time for the bringing of actions for the recovery of wages than are wage earners whose employment falls within the Fair Labor Standards Act. Inequality and discrimination is apparent. The legislation is, therefore, manifestly hostile to the exercise of rights arising under the federal statute, and amounts to an unwarranted attempt on the part of the Alabama Legislature to discriminate against and abridge those rights.

■ We are of opinion, and so hold, that, in violation of Article VI of the Constitution of the United States, Alabama Act No. 394 of 1943 discriminates against the Fair Labor Standards Act of 1938 and rights arising thereunder; and that, in violation of Section 1 of Amendment XIV of the Constitution of the United States, the Alabama Act denies equal protection of the law to wage earners making claims under the Fair Labor Standards Act. The Alabama statute is unconstitutional and cannot be applied to bar the claims of these appellants. Republic Pictures Corp. v. Kappler, 8 Cir., 151 F.2d 543; Id., 327 U.S. 757, 66 S.Ct. 523; Rockton & Rion R. Co. v. Davis, 4 Cir., 159 F.2d 291; and cases cited supra.

The judgment in Case No. 11869 is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

The judgment in Case No. 11866 is reversed and the cause is remanded with directions to allow the intervention and for further proceedings not inconsistent with this opinion.

Reversed and remanded.

---

[3] Appellee contends that the statute operates to limit the time for filing of claims in Alabama courts on causes arising in other states, and that where a defendant does business in several states, the different limitation periods prevailing in the various states encourages a shopping about by plaintiffs for a forum in which the statute of limitations is most liberal. Correction of this situation is for Congress, which can engraft a limitation period on the statute, or for the states, which can provide shorter periods of limitation on wage claims by statutes which are truly general in their nature and application, and which do not in their reasonable and practical effect single out and discriminate against rights arising under the federal statute.