Robert LEONARD et al.,
Plaintiffs-Appellants,

v.

The CITY OF COLUMBUS et al.,
Defendants-Appellees.

No. 75–2344.

United States Court of Appeals,
Fifth Circuit.

Oct. 26, 1977.

Specially Concurring Opinion
Jan. 4, 1978.

Ellen Leitzer, American Civil Liberties Union Foundation of Ga., Inc., Atlanta, Ga., Joel M. Gora, American Civil Liberties Union, New York City, Margie Pitts Hames, Atlanta, Ga., Melvin L. Wulf, Amer. Civil Liberties Union Foundation, New York City, for plaintiffs-appellants.

Lennie F. Davis, City Atty., E. H. Polleys, Jr., Assoc. City Atty., Columbus, Ga., for defendants-appellees.

Before BROWN, Chief Judge, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, MORGAN, CLARK, RONEY, GEE, TJOFLAT, HILL and FAY, Circuit Judges.

BY THE COURT:

The panel opinion in this case is reported, *Leonard v. City of Columbus,* 5 Cir., 1977, 551 F.2d 974.

Upon rehearing at New Orleans on September 28, 1977, the Court en banc adheres to the panel opinion as published.

The judgment of the District Court is REVERSED and REMANDED.

GEE, Circuit Judge, with whom CLARK and RONEY, Circuit Judges, join, specially concurring:

Though I agree with the court's decision, I wish to acknowledge developments in the case law since *Moreno v. Henckel,* 431 F.2d 1299 (5th Cir. 1970), lest its bare citation convey the impression that exhaustion and abstention in section 1983 suits are not issues for future argument in this circuit.

The first of these developments came less than a year after *Moreno,* with the Supreme Court's opinion in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). And although the *Younger* abstention doctrine has thus far found application only in cases concerned with the exercise of state enforcement powers, it could conceivably require federal deference whenever a strong state interest has attached, as when a state court becomes substantially involved in a private action against a defendant who wishes to raise constitutional issues in federal court. *See Developments in the Law— Section 1983 and Federalism,* 90 Harv.L. Rev. 1133, 1313–14 (1977). *See also Juidice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975).

The second post-*Moreno* development perhaps foretells an erosion of *McNeese v. Board of Education,* 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963), which established that persons suing under section 1983 need not exhaust state administrative remedies before seeking federal relief. In its later decision of *Gibson v. Berryhill,* 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973), the Court intimated that administrative exhaustion might be appropriate in section 1983 actions when the state initiates the administrative proceeding and when the individual charged suffers no deprivation prior to the completion of that proceeding. *Id.* at 574–75, 93 S.Ct. 1689.

Finally, I note several cases, as yet of uncertain import, in which the Supreme Court has relied upon the adequacy and availability of state remedies. *See Ingraham v. Wright,* 430 U.S. 651, 97 S.Ct. 1401, 1415–16, 51 L.Ed.2d 711 (1977); *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). Of course, both *Ingraham* and *Paul* are explainable as attempts to limit the scope

of expansively worded constitutional provisions. *See Developments, supra* at 1269–70. But if federal rights are to be defined with any reference to the substantive guarantees afforded by state law, it is reasonable to conclude that federal remedies should likewise be fashioned with due consideration for the avenues of relief available in state courts and administrative tribunals. This conclusion gains strength from the Court's potentially significant statement in *Stone v. Powell* that, "[d]espite differences in institutional environment and the unsympathetic attitude to federal constitutional claims of some state judges in years past, we are unwilling to assume that there now exists a general lack of appropriate sensitivity to constitutional rights in the trial and appellate courts of the several States." 428 U.S. at 494 n. 35, 96 S.Ct. at 3051.

I therefore offer this brief concurrence in the belief that the law is presently in transition here and that, since it is, resting this decision, as does the majority, on a mere citation of *Moreno's* seven-year-old authority wrongly implies that it is static.