600 F.2d 264
 Sydney SPIEGEL, Plaintiff-Appellant,
v.
SCHOOL DISTRICT NO. 1, LARAMIE COUNTY, WYOMING; and Walter
C. Urbigkit, Jr., Walter Throgmorton, Joseph A. Devine,
Auburn W. Dowdy and Richard Hutt, Individually and in their
official capacity as Trustees of Defendant School District,
Defendants-Appellees.
 No. 77-1630.
 United States Court of Appeals,
Tenth Circuit.
 Argued Feb. 13, 1979.
Decided June 14, 1979.
 
 Philip P. Whynott of DeHerrera & Whynott, Cheyenne, Wyo., for plaintiff-appellant.
 Paul J. Hickey, Cheyenne, Wyo. (with John J. Rooney, Cheyenne, Wyo., on the brief), of Rooney, Horiskey, Bagley & Hickey, Cheyenne, Wyo., for defendants-appellees.
 Before BARRETT, DOYLE and McKAY, Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 Sydney Spiegel was employed as a school teacher by the defendant school district. As a prelude to discharge, he received a "Notice of Recommendation of Termination" in March of 1973. Actual termination occurred following a state administrative hearing. Spiegel sought relief from the adverse administrative action in Wyoming state court.[1] Spiegel was successful: the court reversed the termination order and directed his reinstatement. The Wyoming Supreme Court affirmed. Thereafter, on February 25, 1977, Spiegel filed the instant action in the United States District Court for Wyoming. His complaint for damages premised jurisdiction on 42 U.S.C. § 1983 and 28 U.S.C. § 1331(a). Spiegel's central contention in federal court was that his discharge violated the First Amendment's free speech guaranty. Concluding that Spiegel's claims were barred by the relevant statute of limitations, the court entered summary judgment for the school district. Spiegel appeals.
 
 
 2
 The trial court's summary judgment order was based on the following provision of Wyoming law:
 
 
 3
 All actions upon a liability created by a federal statute, other than a forfeiture or penalty, for which actions no period of limitations is provided in such statute shall be commenced within two (2) years after the cause of action shall have accrued.
 
 
 4
 2 Wyo.Stat. § 1-23 (1957).[2] Spiegel argues that this statute was inapplicable because his action was for a penalty and because his constitutional claim was not one created by a federal statute. He also contends that, in any event, the two year period of the statute had not run.
 
 
 5
 We hold that the trial court applied the proper statute of limitations. Section 1983 contains no limitations provision. In such a circumstance, a federal court will generally apply the state statute of limitations which would be applicable to the most analogous state action.[3] Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 462, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); O'Sullivan v. Felix, 233 U.S. 318, 322, 34 S.Ct. 596, 58 L.Ed. 980 (1914). Here, the court applied a state limitations provision for "actions upon a liability created by a federal statute." The federal statute creating a liability for Spiegel's First Amendment complaint is section 1983. See Chambers v. Omaha Public School District, 536 F.2d 222, 228 (8th Cir. 1976).
 
 
 6
 We reject Spiegel's contention that his claim for punitive damages transforms his civil suit into a "penalty" action outside the scope of the limitations statute. This assertion was foreclosed by a series of venerable Supreme Court opinions interpreting expressions similar to the "forfeiture or penalty" provision under consideration here. The Court has regarded such expressions as referring to public, not private, causes of action, even though punitive damages may be sought by a litigant. Meeker v. Lehigh Valley Railroad Co., 236 U.S. 412, 422-23, 35 S.Ct. 328, 59 L.Ed. 644 (1915); See O'Sullivan v. Felix, 233 U.S. 318, 324-25, 34 S.Ct. 596, 58 L.Ed.2d 980 (1914); Brady v. Daly, 175 U.S. 148, 152-58, 20 S.Ct. 62, 44 L.Ed. 109 (1899); Huntington v. Attrill, 146 U.S. 657, 667-69, 13 S.Ct. 224, 36 L.Ed. 1123 (1892).
 
 
 7
 It is undisputed that Spiegel's federal court claim was filed more than two years after his termination became final. Inasmuch as Spiegel's cause of action necessarily accrued upon his termination,[4] the only remaining question is whether Spiegel's pursuit of a remedy in the state courts tolled the running of the limitations statute.
 
 
 8
 Spiegel asserts that he was forced to exhaust his state remedies before bringing the section 1983 suit. He argues that this obligation should have operated to toll the running of the limitations statute. We do not agree.
 
 
 9
 The Supreme Court has stated that section 1983 remedies are supplemental to those provided by state law and that a section 1983 plaintiff need not exhaust state administrative or judicial remedies prior to bringing his federal suit. McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), Overruled on other grounds, Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, recent decisions of the Supreme Court have imposed limitations on the scope of its earlier non-exhaustion pronouncements. Spiegel contends that these recent cases required him to exhaust his state remedies.
 
 
 10
 The initial limitation on the broad sweep of the non-exhaustion language of Monroe v. Pape appeared in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The Supreme Court announced in that case that federal courts should not enjoin state Criminal proceedings in order to decide section 1983 claims where the same constitutional claims were assertible in the state proceedings. More recently, the Supreme Court, in Huffman v. Pursue, Ltd., 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), required the exhaustion of previously initiated state Civil proceedings before a section 1983 action could be brought. Although the Court was careful to observe that Huffman was a "Quasi-criminal " case that implicated important state interests and concerns of comity, the case represented a significant extension of Younger concepts. The concepts were extended even further in Juidice v. Vail, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977), a civil case implicating the contempt power of a state, and Trainor v. Hernandez, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977), a civil case involving a state suit to enforce recovery of fraudulently obtained welfare payments. Just how far the Supreme Court will extend Huffman comity principles into the civil arena is not clear.[5] What is clear is that the application of Huffman comity concepts imposes a practical limitation on the broad implications of the non-exhaustion language of Monroe v. Pape.[6] In the context of the present case, Spiegel would rely on the Huffman line of cases to support his assertion of mandatory exhaustion.
 
 
 11
 Regardless of the scope of Huffman exhaustion concepts, we do not believe Spiegel is in a position to contend that he was forced to pursue state judicial remedies prior to initiating suit in federal court. Even if Spiegel's complaint for damages could have been regarded as implicating state interests significant enough to invoke concerns of Huffman comity, those concerns would have been relevant only if a state judicial proceeding had been pending. When no state judicial proceeding is pending, Huffman does not require a civil plaintiff to initiate such proceedings before bringing a section 1983 action. Huffman v. Pursue, Ltd., 420 U.S. at 609 n.21, 95 S.Ct. 1200. Spiegel's cause of action arose at the conclusion of the administrative hearing that resulted in his formal termination. To the extent his First Amendment rights had been violated, they had been violated by that time. Inasmuch as no state court action was then pending, he could have brought a section 1983 action in the federal courts regardless of the applicability of Huffman principles to this type of civil case.[7] He did not do so, choosing instead to initiate state judicial proceedings. By the time Spiegel turned to federal court, the limitations statute had run. That statute now bars his section 1983 action.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 Spiegel does not appear to have sought damages for his discharge in the state court proceeding. He could have done so. See 4 Wyo.Stat. § 9-276.32 (1975 Supp.) (current version is 3 Wyo.Stat.Ann. § 9-4-114 (1977)); Wyo.R.Civ.P. 72.1
 
 
 [2]
 The corresponding provision in the current Wyoming statutes is 2 Wyo.Stat.Ann. § 1-3-115 (1977)
 
 
 [3]
 The state limitations statute will not apply, however, when its application would be inconsistent with the underlying policies of the federal statute giving rise to the cause of action. Occidental Life Ins. Co. v. EEOC, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977). Such an inconsistency was found in the Occidental case because the state statute imposed a one year limitation on the filing of the EEOC action, but the EEOC was unable to file an action at all before the completion of its investigation and conciliation obligations
 In the present case, Spiegel contends that he was required to exhaust state remedies prior to bringing his federal action. If he is correct, an argument could conceivably be made for rejecting the two year limit provided by Wyoming law. We need not consider such an argument, however, because, for reasons discussed later in this opinion, we reject Spiegel's exhaustion contention.
 
 
 [4]
 Spiegel argues that his federal cause of action did not accrue until the Wyoming Supreme Court issued its opinion. This contention is specious. Spiegel was obviously aware of his termination when it occurred; he was also of the opinion that the termination violated his constitutional rights. If he had a federal cause of action based on his termination, that cause of action necessarily accrued when his termination became final
 
 
 [5]
 Lower federal courts have not been entirely consistent on the scope of Huffman comity principles. Some courts have taken a rather expansive view. E. g., Louisville Area Inter-Faith Comm. v. Nottingham Liquors, Ltd., 542 F.2d 652 (6th Cir. 1976); Ahrensfeld v. Stephens, 528 F.2d 193 (7th Cir. 1975). Other courts have taken a more restrictive approach. E. g., Johnson v. Kelly, 583 F.2d 1242 (3d Cir. 1978); Leonard v. City of Columbus, 551 F.2d 974 (5th Cir. 1977), Aff'd on rehearing en banc, 565 F.2d 957 (3d Cir. 1978), Cert. denied, --- U.S. ----, 99 S.Ct. 3097, 61 L.Ed.2d 872 (1979)
 
 
 [6]
 In cases otherwise appropriate for application of Huffman concepts, exhaustion will be required when state court proceedings begin before proceedings of "substance" are initiated on the federal level. Huffman v. Pursue, Ltd., 420 U.S. at 609, 95 S.Ct. 1200. See Hicks v. Miranda, 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975). In the absence of pending state proceedings, exhaustion will not be required. Huffman v. Pursue, Ltd., 420 U.S. at 609 n.21, 95 S.Ct. 1200
 
 
 [7]
 In light of this circumstance, we are not required to decide whether Huffman principles should apply to this type of civil case. That issue would have been presented to us if Spiegel had filed his federal action for damages while the state litigation was ongoing, and the federal court had dismissed using a Huffman analysis. In his present posture, Spiegel is merely in the position of contending that Huffman concepts would have barred his section 1983 action had he attempted to bring it while the state litigation was pending. While we need not decide this hypothetical, we note that Spiegel's action for damages did not seek to enjoin official conduct or to declare a state statute unconstitutional. No decisions by the Supreme Court or this circuit have announced the applicability of Huffman exhaustion to this type of purely civil case