**Frieda J.I. MATTHEWMAN, et al., Plaintiffs,**

v.

**George G. AKAHANE, et al., Defendants.**

**Civ. No. 77–0406.**

United States District Court, D. Hawaii.

Nov. 15, 1983.

James N. Duca, Honolulu, Hawaii, for plaintiffs.

Gary Slovin, Corp. Counsel, City and County of Honolulu, Honolulu, Hawaii, for defendants.

Tany S. Hong, Atty. Gen., State of Hawaii, James H. Dannenberg, Deputy Atty. Gen., Honolulu, Hawaii, amicus curiae.

## DECISION AND ORDER DENYING RENEWAL OF MOTION FOR SUMMARY JUDGMENT

FONG, District Judge.

Plaintiffs have brought the instant action against certain former members of the City Council of the City and County of Honolulu in their individual capacities, the Director and Building Superintendent of the City and County of Honolulu, and the City and County of Honolulu itself. Plaintiffs claim that the City Council deprived them of property without just compensation and without due process of law when it downzoned their property and denied them a Certificate of Appropriateness which was necessary for a building permit. Plaintiffs seek damages and the issuance of a peremptory writ of mandamus requiring the defendants to issue the Certificate of Appropriateness and the building permit.

On July 27, 1978, the defendants moved for summary judgment, arguing, *inter alia*, that the action was barred by the statute of limitations. On July 10, 1979, this court, through Judge Weigel, entered an order which held that the applicable statute of limitations was Hawaii Revised Statutes § 657–1(4), the "catch all" section. Defendants have now moved for a reconsideration of that order in light of the decision in *Bill's Crane Service, Inc. v. Quisenberry*, 545 F.Supp. 359 (D.Haw. 1982), wherein it was held that H.R.S. § 657–11 is the applicable statute of limitations for all actions brought under 42 U.S.C. § 1983. The State of Hawaii has filed an amicus brief in support of the motion for summary judgment.

H.R.S. § 657–11 provides:

*Recoveries authorized by federal statute.* Whenever any federal statute provides for an imposition of a civil penalty or liquidated damages or imposes a new liability or enlarges any existing liability and the statute does not specify the peri-

od within which suit to recover the penalty, liquidated damages, or any sum arising out of any new or enlarged liability may be brought, the suit, if brought in a state court, shall be commenced within one year from the date the cause of action arises or be thereafter barred.

Section 657–11 has been held to be the applicable statute of limitations for actions brought under 42 U.S.C. § 1983. *Bill's Crane, supra; Lai v. City and County of Honolulu,* 562 F.Supp. 903 (D.Haw.1983). If § 657–11 is applied to the instant action, there is no question that the plaintiffs' claims would be time barred, since the complaint instituting this action was filed more than two years after all the acts alleged to have been committed by the defendants were completed.

■ Plaintiffs first argue that, even if their § 1983 claims are time barred, that they have also alleged constitutional torts as well, which are not "created by statute" and are therefore not time barred by § 657–11. These "constitutional torts", they argue, give rise to damage claims under the authority of *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This argument can be quickly disposed of at the outset. It is clear, under the authority of *Ward v. Caulk,* 650 F.2d 1144 (9th Cir. 1981), that a plaintiff cannot pursue a *Bivens*-type claim when he has a statutory remedy under § 1983, and even though his § 1983 action is barred by the statute of limitations.

Plaintiffs next argue that § 657–11 should be declared unconstitutional on three grounds: 1) that it is an invalid legislative act, 2) that it is not applicable to the instant case because § 1983 claims cannot be construed to be a "new" or "enlarged" liability, and 3) that it discriminates against the federal causes of action. The 1st and 3rd arguments were not considered by the court in *Bill's Crane* and *Lai,* and it appears that they are being considered for the first time in this district.

## I. INVALID LEGISLATIVE ACT.

■ In determining what statute of limitations to "borrow", the Federal courts must first characterize the claim involved and then apply the most analogous state law. *Copitas v. Retail Clerks Int'l Ass'n.,* 618 F.2d 1370 (9th Cir.1980). This is a matter of federal, not state, law. *U.A.W. v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966); *Smith v. Cremins,* 308 F.2d 187 (9th Cir.1962). Plaintiff's first argument is that H.R.S. § 657–11 is an invalid legislative act, because it intrudes into the domain of the federal courts in their selection of the appropriate state statute.

There is a certain attractiveness to this theory, since a state legislature should have no concern with establishing limitations to federal causes of action. When the Congress, in providing for a new federal cause of action, fails to also establish the time within which the action might be brought, federal courts turn to analogous state statutes of limitations established by the state legislatures.

■ As a policy matter, this procedure should be followed. Statutes of limitations are statutes of repose. *Campbell v. Haverhill,* 155 U.S. 610, 616, 15 S.Ct. 217, 219, 39 L.Ed. 280 (1895); *Rockton & Rion Ry. v. Davis,* 159 F.2d 291 (4th Cir.1946). By applying the limitation period for analogous state claims, there would be a certain salutary effect of allowing citizens to be protected by the same period of limitations for similar claims, whether based on state or federal law:

> In creating a new right, must we not presume that Congress intended that the remedy should be enforced in the manner common to like actions within the same jurisdiction?

*Campbell, supra,* 155 U.S. at 616, 15 S.Ct. at 219.

■ Furthermore, a limitation period established by a statute of limitations is necessarily arbitrary, *see, Johnson v. Railway Express Agency,* 421 U.S. 454, 463, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975), and is a function best left to a legislature, not a court:

In borrowing a state period of limitation for application to a federal cause of action, a federal court is relying upon the State's wisdom in setting a limit ... on the prosecution of a closely analogous claim.

*Johnson v. Railway Express Agency, supra,* 421 U.S. at 464, 95 S.Ct. at 1722.

■ It is within the unique province of the state legislatures to prescribe limitation periods for state causes of action. In borrowing state statutes of limitations, federal courts are deferring to the views of the state legislature on matters *which are within its peculiar concern.* But when a state legislature enacts a statute of limitations having specific application to federal causes of action, there is less reason to defer to this determination. The state is at that point deciding a question of federal law. *Pauk v. Board of Trustees of City Univ. of N.Y.,* 654 F.2d 856, 866 n. 6 (2d Cir.1981); *cert. den.,* 455 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d 866 (1982). *See, Campbell, supra,* 155 U.S. at 614–615, 15 S.Ct. at 218–219.

This is not to say that the federal courts are necessarily bound by the determination of the state legislatures, since as noted before, the selection of the appropriate state statute of limitations is a matter of federal law. The analysis simply reflects a concern that state legislatures should not attempt to engage in federal policy making.

The analysis, however, suffers for the fact that existing case law would seem to support a contrary conclusion. For example, in *Kosikowski v. Bourne,* 659 F.2d 105 (9th Cir.1981), the Oregon legislature provided for a two year limitation period for actions under the Oregon Tort Claims Act. "Tort" was under the statute specifically defined to include actions under 42 U.S.C. § 1983. *See,* 659 F.2d at 107.

The Ninth Circuit honored the characterization made by the Oregon legislature, despite the fact that the law of this circuit is that a § 1983 action should generally be characterized as an action created by statute, *see, Major v. Arizona State Prison,* 642 F.2d 311 (9th Cir.1981).[1] The Court held that the procedure of "characterizing" a federal claim when borrowing a state statute of limitations period:

> serves no purpose other than to provide guidance in the selection of the applicable state statute. When the state has expressly made that selection the federal courts should accept it unless to do so would frustrate the purposes served by the federal law upon which the plaintiff's claims rest.

659 F.2d at 107.[2]

*See also, U.A.W. v. Hoosier Cardinal Corp.,* 383 U.S. 696, 705, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192 (1966) ("there is no reason to reject the characterization that state law would impose unless that characterization is unreasonable or otherwise inconsistent with [national policy]"); *Copitas v. Retail Clerks Int'l Ass'n,* 618 F.2d 1370, 1372 (9th Cir.1980).

---

1. "In this circuit, we have consistently characterized § 1983 claims as actions created by statute, and, wherever possible, the statute of limitations for actions founded on a liability created by statute has been borrowed. *May v. Enomoto,* 633 F.2d 164, 166 (9th Cir.1980); *Clark v. Musick,* 623 F.2d 89, 92 (9th Cir. 1980); *Mason v. Schaub,* 564 F.2d 308, 309 (9th Cir.1977); *Strung v. Anderson,* 452 F.2d 632, 632–33 (9th Cir.1971)."
   642 F.2d at 312.

2. On rehearing, the Court did admit that the decision did reflect a certain inconsistency. Under the borrowing procedure, actions brought under 42 U.S.C. § 1981 has a different statute of limitations in Oregon than a § 1983 case. The applicable statute of limitations for a § 1981 action is determined by the usual "characteriza-

tion" process; this process is not required for a § 1983 action since the state legislature has already made the characterization. The Court noted that:

> Even though both logic and legislative symmetry would seem to commend to the Oregon State Legislative Assembly a limitations scheme treating both kinds of cases equally, we are not at liberty to make that choice for the State of Oregon. The state legislative [sic] expressed its intent with reference to § 1983 actions and did not express its intent with reference to § 1981 actions. This court, under its duty to follow its own precedents until contrary legislative signals appear, must treat the two statutes differently in those states which have chosen to treat them differently for limitation purposes.

659 F.2d at 108.

Thus, a state legislature can properly "characterize" federal claims as being of such a nature as to be most analogous to certain state causes of action, and the federal courts are generally bound by such a characterization. Given this conclusion, it would not seem improper for a legislature to then determine that federal causes of action are unlike any state causes of action and require a special statutory period where the Congress has not provided one. This would seem to be consistent with *Zuniga v. Amfac Foods, Inc.*, 580 F.2d 380 (10th Cir.1978), which allowed the state to single out all federal causes of action for special treatment as long as the treatment is not discriminatory. (See discussion *infra*). This Court is not aware of any court which is disturbed by a state legislature prescribing nondiscriminatory statutes of limitations applicable only to federal causes of action, and indeed the case law seems to indicate just the opposite. *See, Spiegel v. School Dist. No. 1, Laramie County*, 600 F.2d 264 (10th Cir.1979); and *Chambers v. Omaha Public School Dist.*, 536 F.2d 222 (8th Cir.1976) (both cases are discussed *infra*). *But see, Rockton & Rion Ry. v. Davis, supra,* 159 F.2d at 293.

■ Plaintiffs contend that the function of the federal courts is somehow usurped by the state legislature here, because, by enacting a statute of limitations directed solely to federal causes of action, the federal courts are virtually compelled to apply that statute. Plaintiffs forget that, for many years, this court felt no compulsion to apply H.R.S. § 657–11. *See, Sotomura v. County of Hawaii*, 402 F.Supp. 95 (D.Haw.1975). It was only after the Ninth Circuit began to characterize § 1983 actions as actions "created by statute" did this court find § 657–11 to be the most analogous state statute. *Bill's Crane, supra.*

## II. NEW OR ENLARGED LIABILITY.

■ Plaintiffs contend that § 657–11 cannot apply to the instant action because claims brought under § 1983 are not "new" or "enlarged". They argue that § 1983 was enacted in 1871, and therefore cannot

have been considered a "new" liability when H.R.S. § 657–11 was enacted in 1945. Similarly, it is argued, no part of § 1983 involves any "enlarged" liability, since the statute has remained unchanged since its enactment.

The amicus argues, however, that the state legislature could not have intended that the limitation period apply only to federal statutes enacted after the effective date of § 657–11. The legislative history of the statute would seem to support this view.

The statute, like similar ones in other jurisdictions, was originally designed to apply to suits brought under the *earlier* enacted Fair Labor Standards Act of 1938. *See, Kam Koon Wan v. E.E. Black, Ltd.*, 75 F.Supp. 553, 564 (D.Haw.1948), *aff'd,* 188 F.2d 558 (9th Cir.1951), *cert. den.* 342 U.S. 826, 72 S.Ct. 49, 96 L.Ed. 625 (1951); Comment, *Statutes of Limitations in Federal Civil Rights Litigation,* 76 Arizona St.Law J. at 134. In addition, the original version contained a provision which allowed *"existing causes of action* ... arising out of such new or enlarged liability which have not been barred as of the effective date of the Act"* to be brought within six months of the approval of the Act. (emphasis supplied). Act 175, 1945 Session Laws of Hawaii. The amicus persuasively argues that the original version would not have made reference to "existing" causes of action unless the Act was meant to apply to claims arising out of previously enacted federal statutes.

Both the amicus and the defendants argue, therefore, that the legislative history of § 657–11 clearly indicate that the section was meant to apply to statutorily created liabilities that did not exist at common law. Plaintiffs counter that *all* federal statutory rights, by definition, did not exist at common law. They thus argue the words "new" and "enlarged" would become mere surplusage under the interpretation urged by the amicus and the defendants.

It is not necessary to discuss these arguments any further, because it has been consistently held in this district that § 657–11 was intended to apply to causes of ac-

tion which did not exist at common law. *Bill's Crane Service, Inc. v. Quisenberry,* 545 F.Supp. 359, 362 (D.Haw.1982); *Lai v. City and County of Honolulu,* 562 F.Supp. 903 (D.Haw.1983).

In addition, it is not necessary to consider the hair splitting arguments raised by the parties. As previously noted, the determination of what state statute of limitations is a matter of federal, not state law. The legislative history, while perhaps instructive, is not determinative of this matter. *See, Copitas v. Retail Clerks Int'l Ass'n.,* 618 F.2d 1370 (9th Cir.1980). It is the duty of the federal courts to characterize the claim and then apply the most *analogous* state law. In this regard, it is not necessary that a § 1983 claim fit into H.R.S. § 657–11 in every respect; it is enough if it is determined that § 657–11 is the most closely analogous statute. Since the Ninth Circuit characterizes § 1983 actions as "actions created by statute", there is no question that the most analogous statute of limitations is H.R.S. § 657–11.

III. DISCRIMINATION AGAINST FEDERAL CAUSES OF ACTION.

██ There is nothing per se suspect about the one year limitation period. *Caldwell v. Alabama Dry Dock & Shipbuilding,* 161 F.2d 83, 85 (5th Cir.1947). The Ninth Circuit is not uncomfortable with a one year period, *see, Kosikowski v. Bourne,* 659 F.2d 105 (9th Cir.1981); *Major v. Arizona State Prison,* 642 F.2d 311 (9th Cir.1981), and indeed the only civil rights

statute provided with a statute of limitations, 42 U.S.C. § 1986, has a one year limitation period. *But see, Pauk v. Board of Trustees,* 654 F.2d 856, 861–862 (2d Cir. 1981).

Plaintiffs properly point out, however, that it is not the one year period per se which is being attacked, but the fact that it is shorter than the statute of limitations for all other state claims. Plaintiffs thus argue that the one year period unconstitutionally discriminates against federal causes of action.

To understand this discrimination argument, it is necessary to go into a brief discussion of the origins of the practice of "borrowing" state statute of limitations.

The application of state statute of limitations to federal causes of actions for which there is no specified limitation period has been approved by the U.S. Supreme Court from the very earliest decisions. *See,* Comment, *Statutes of Limitations in Federal Civil Rights Litigation,* 76 Arizona St.Law J. 97. The basis for this practice is a provision enacted as part of the first Judiciary Act in 1789. This provision, commonly called the Rules of Decision Act (and now denominated as 28 U.S.C. § 1652), provides:

> The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply.[3]

---

3. The Rules of Decision Act has remained in force and unchanged ever since its enactment, except for an amendment in 1948 which substituted the words "civil action" for "trials at common law". *See,* Hill, *State Procedural Law in Federal Nondiversity Litigation,* 96 Harv.L.R. 66 (1955).

The Supreme Court once noted that "no laws of the several states have been more steadfastly or more often recognized by this court, from the beginning, as rules of decision in the courts of the United States, than statutes of limitations of actions, real and personal, as enacted by the legislature of a state". *Bauserman v. Blunt,* 147 U.S. 647, 652, 13 S.Ct. 466, 468, 37 L.Ed. 316 (1893).

In recent years, however, the practice of borrowing state statutes of limitations has been characterized as simply a "general preference"

and a "sort of fallback rule of thumb" to be followed by the courts absent some sound reason to do otherwise". *DelCostello v. Teamsters,* —— U.S. ——, —— n. 12, 103 S.Ct. 2281, 2287, n. 12, 76 L.Ed.2d 476 (1983). This should not change the analysis presented in the instant opinion, however, since the Court further noted that, where a cause of action is "expressly created" by Congress (as opposed to one found by the courts to be "implied in a general statutory scheme"), and where a statute of limitations is not provided, the usual assumption is that "Congress would likely intend that the courts follow their previous practice of borrowing state provisions". *Id.*

Since § 1983 actions are "expressly created by Congress", and since no decision of any court could be found which has refused to apply anything other than state limitation periods to

*See, Bauserman v. Blunt,* 147 U.S. 647, 13 S.Ct. 466, 37 L.Ed. 316 (1893); *Pufahl v. Parks,* 299 U.S. 217, 225, 57 S.Ct. 151, 156, 81 L.Ed. 133, 139 (1936); *O'Sullivan v. Felix,* 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914).[4] Later cases have made it clear, however, that the state statute would not be applied where it discriminates against, or manifests a hostility towards, federal causes of action.[5]

*Campbell v. Haverhill,* 155 U.S. 610, 15 S.Ct. 217, 39 L.Ed. 280 (1895), was one of the earliest cases in which the Supreme Court discussed the "discrimination" exception. The issue considered was what statute of limitations to apply to patent cases. The appellant there argued that, under the express wording of the Rules of Decision Act, the law of the several states is to be enforced only "in cases where they apply". He argued that, since the laws of the forum state can only "apply" to suits over which its state courts have jurisdiction, the statutes of limitations cannot "apply" to matters over which only the federal courts have jurisdiction. In other words, where the state has no power to either create the right or enforce the remedy, it can similarly have no power to limit the remedy or in any way legislate with respect to the subject matter. 155 U.S. at 614–615, 15 S.Ct. at 218–219.

The Supreme Court rejected this distinction:

> Doubtless such an argument would apply with peculiar emphasis to statutes, if any such existed, discriminating against causes of action enforceable only in the Federal courts .... *In such a case it might be plausibly argued that it could never have been intended by Congress that [the Rules of Decision Act] should apply to statutes passed in manifest hostility to Federal rights or jurisdiction, but only to such as were uniform in their operation upon state and Federal rights and upon state and Federal courts.* (emphasis supplied)

155 U.S. at 615, 15 S.Ct. at 219.

The notion that a state should not discriminate against or express hostility to federal causes of action is a theme that is consistently repeated by the U.S. Supreme Court, albeit mostly in dicta. *See, McKnett v. St. Louis & S.F.R. Co.,* 292 U.S. 230, 234, 54 S.Ct. 690, 692, 78 L.Ed. 1227, 1229 (1934); *Miles v. Illinois C.R. Co.,* 315 U.S. 698, 704, 62 S.Ct. 827, 830, 86 L.Ed. 1129, 1134, 146 A.L.R. 1104 (1942); *Pufahl v. Parks,* 299 U.S. 217, 227, 57 S.Ct. 151, 157, 81 L.Ed. 133, 139–140 (1936). *See also, U.S. v. Little Lake Misere Land Co.,* 412 U.S. 580, 595–597, 93 S.Ct. 2389, 2398–2399, 37 L.Ed.2d 187 (1973) (state statute which is "plainly hostile" to the interests of the United States would not be "borrowed").

Other courts, relying on this line of cases, have either struck down or disregarded state statutes of limitations which evidence a hostility or discrimination toward federal rights. For example, in *Rockton & Rion Ry. v. Davis,* 159 F.2d 291 (4th Cir.1946) the court held that a South Carolina statute, prescribing a one year limita-

---

§ 1983 actions, this court finds it unnecessary to consider whether there are analogous federal statutory or other limitation periods which can be applied here. Certainly, the parties have not suggested any federal rule which "clearly provides a closer analogy than available state statutes" and which is "a significantly more appropriate vehicle for interstitial lawmaking", given the federal policies at stake and the practicalities of litigation. —— U.S. at ——, 103 S.Ct. at 2294, 76 L.Ed.2d 476.

**4.** In *O'Sullivan,* the Supreme Court established that this provision required the application of state statutes of limitations to federal civil rights actions. Although the Rules of Decision Act was not cited by the Court, it based its decision on *McClaine v. Rankin,* 197 U.S. 154, 25 S.Ct.

410, 49 L.Ed. 702 (1905). *McClaine* in turn had relied upon *Campbell v. Haverhill,* 155 U.S. 610, 15 S.Ct. 217, 39 L.Ed. 280 (1895), which held that the Rules of Decision Act required the application of the forum state's statute of limitations to unlimited federal causes of action.

**5.** There are other exceptions. The state limitations periods will not be borrowed if their application would be inconsistent with the underlying policies of the federal statute, *Occidental Life Insurance Co. v. E.E.O.C.,* 432 U.S. 355, at 367, 97 S.Ct. 2447 at 2454, 53 L.Ed.2d 402 (1977), or would create an undue burden on the exercise of the federal rights, *Van Horn v. Lukhard,* 392 F.Supp. 384 (E.D.Va.1975); *U.A.W. v. Hoosier Cardinal Corp.,* 383 U.S. 696, 707 n. 9, 86 S.Ct. 1107, 1114 n. 9 (1966).

tion period for suits "relating to wages claimed under a federal statute", was unconstitutional:

> The law seems well settled that a statute of limitations of a State is unconstitutional when the statute is directed exclusively at claims arising under a federal law. And particularly is this true when the State statute of limitations is discriminatory in its effect in favor of State claims and against Federal claims; for the ordinary wage claims arising in South Carolina would not be barred in less than six years under the South Carolina statute of limitations.

159 F.2d at 293.

In *Caldwell v. Alabama Dry Dock & Shipbuilding*, 161 F.2d 83 (5th Cir.1947), the court dealt with a statute that applied specifically to actions under the Fair Labor Standards Act of 1938 "and all other similar Acts".[6] Even though the statute appeared to be a generally worded one, the court noted that there were no other wage and hour laws or any other "similar acts". *Id.* at 86.

The court noted that, under other provisions of Alabama law, wage and hour claims fell within either a three or six year limitation period. Wage earners in Alabama who were not engaged in commerce were therefore allowed a longer time for bringing their actions than those whose employment falls within the Fair Labor Standards Act. The court concluded:

> Inequality and discrimination is apparent. The legislation is, therefore, manifestly hostile to the exercise of rights arising under the federal statute, and amounts to an unwarranted attempt on the part of the Alabama Legislature to discriminate against and abridge those rights.

161 F.2d at 86.

The court held that the statute was therefore in violation of the Supremacy Clause because it discriminates against the Fair Labor Standards Act of 1938, and is violative of the Equal Protection Clause of the 14th Amendment because it denies equal protection of the laws to wage earners making claims under the federal statute.[7]

Similar holdings are found in *Johnson v. Davis*, 582 F.2d 1316 (4th Cir.1978)[8]; *Edgerton v. Puckett*, 391 F.Supp. 463 (W.D.Va. 1975); *Van Horn v. Lukhard*, 392 F.Supp. 384 (E.D.Va.1975)[9]; *Republic Pictures*

---

**6.** The statute in question stated in relevant part: [A]ll suits and actions for the recovery of wages, overtime, damages, fees or penalties accruing under laws respecting the payment of wages, overtime, damages, fees and penalties, and specifically under the Act of Congress known as the Fair Labor Standards Act of 1938, as same has been or may hereafter be amended, and all other similar Acts shall be brought within one year after the accrual of such cause of action, and all such causes of action accruing prior to the date hereof shall be brought within one year after the passage of this Act.
*See,* 161 F.2d at 85.

**7.** The continued viability of *Caldwell* is questionable in light of recent enactments by Alabama of wage and hour laws. The impermissible discrimination thus would no longer exist, since the generally worded statute of limitation would now apply to state as well as federal claims. *Watkins v. Scott Paper Co.,* 530 F.2d 1159, 1196 (5th Cir.1976). However, while subsequent facts have weakened *Caldwell,* the discrimination rationale still remains valid.

**8.** The *Johnson* court noted that there was no rational basis for distinguishing between § 1983 actions and other actions for injury to the person in light of the purposes of statutes of limitations. Statutes of limitations are statutes of repose whose intent is to secure the prompt enforcement of claims while witnesses are still alive and their memories presumably still unimpaired. These considerations of witnesses, etc. apply with equal force to § 1983 actions as they do to state actions for personal injury. The court then concluded:

> Absent a fair grouping and valuation of § 1983 actions within the Virginia scheme of limitations periods and absent some other reasonable basis for applying a shorter period for remedying a "constitutional tort" than for remedying the underlying state tort, we will disregard this special limitation on § 1983 actions ....

582 F.2d at 1319.

**9.** In *Van Horn,* the court considered a Virginia statute which gave a one year limitation period for actions brought pursuant to 42 U.S.C. § 1983.

The Court concluded that the Virginia statute was unconstitutional because it burdened the assertion of a federally created right. The court also held that the statute of limitations invidiously discriminated against the assertion of a

*Corp. v. Kappler,* 151 F.2d 543 (8th Cir. 1945), *aff'd per curiam without opinion,* 327 U.S. 757, 66 S.Ct. 523, 90 L.Ed. 991 (1946); and *Wolf Sales Co. v. Rudolph Wurlitzer Co.,* 105 F.Supp. 506 (D.Colo. 1952).[10] *See also, Pauk v. Board of Trustees of City Univ. of N.Y.,* 654 F.2d 856, 866 n. 6 (2d Cir.1981); and *Trussell v. United Underwriters, Ltd.,* 228 F.Supp. 757 (D.Colo.1964).

In this regard, the decision in *Republic Pictures, supra,* is controlling. The statute in question prescribed a six month limitation period for "any Federal statute wherein no period of limitation is prescribed."[11] The Eighth Circuit affirmed the refusal of the district court to apply this statute of limitations in federal court, holding that the statute discriminated against federal causes of actions and was thus violative of both the Supremacy Clause of the Constitution (Article VI) and the Equal Protection clause of the 14th Amendment:

> A state may not discriminate against rights accruing under federal laws.... Except the special statute directed at the causes of action arising under federal law, every other limitation on an action at law or suit in equity in the Iowa statutes is directed at the nature of the claim asserted without reference to the authority which creates the right asserted. This is a discrimination against the United States.
>
> .    .    .    .    .
>
> ... [Plaintiff's] claim or cause of action is discriminated against solely because it arises under a federal statute. This discriminatory treatment of a claim arising under a federal statute in effect makes inferior congressional enactments and rights which under our jurisprudence are intended to be paramount and supreme....
>
> .    .    .    .    .
>
> Here, the state has singled out federal claims or causes of action as such and has prescribed a shorter period of limitation for the bringing of such actions than that prescribed for the bringing of similar actions arising or based upon other than federal laws. The statute violated Article 6 of the Constitution ... [and] would result in denying to those seeking to assert such claims, the equal protection of the law. 14th Amendment, Constitution, Sec. 1.... (citations omitted)

151 F.2d at 546–547.

The Supreme Court affirmed without an opinion, and simply cited to certain pages from three previous cases. The relevant language from those cited pages make it very clear that the basis for the affirmance was the "discrimination" rationale:

> The denial of jurisdiction by the Alabama Court is based solely upon the source of law sought to be enforced. The plaintiff is cast out because he is suing to enforce a federal act. A state may not discriminate against rights arising under federal laws.
>
> [A] state cannot single out federal legislation and subject a cause of action created thereunder to a shorter period of limitation than that which would govern the same or a similar cause of action if it arose under the law of the particular state.

105 F.Supp. at 508. *See, also, Trussell v. United Underwriters, Ltd.,* 228 F.Supp. 757 (D.Colo. 1964).

---

"constitutional tort" by limiting the time for suit to one year while all other personal injury actions in Virginia were governed by a two year statute of limitation. This, the court concluded, effected a hostile and unconstitutional discrimination against important federal interests, and in doing so violated the equal protection and supremacy clauses.

**10.** In *Wolf Sales,* the court considered a statute of limitations which read:

> All actions upon a liability created by a federal statute other than for a forfeiture or penalty for which actions no period of limitations is provided in such statute shall be commenced within two years after the cause of action shall have accrued.

*See,* 105 F.Supp. at 507.

The court refused to apply this statute of limitations:

**11.** The statute relied upon stated:

> In all cases wherein a claim or cause of action has arisen or may arise pursuant to the provisions of any Federal statute wherein no period of limitations is prescribed, the holders of such claim or cause of action may commence action therein within but not after a period of six months %y(3)(27.

*See,* 151 F.2d at 545.

*McKnett v. St. Louis & S.F.R.Co.*, 292 U.S. 230, 234, 54 S.Ct. 690, 692, 78 L.Ed. 1227, 1229 (1934)[12].

> [T]he right to sue in state courts of proper venue where their jurisdiction is adequate is of the same quality as the right to sue in federal courts. It is [not] subject to interference by state action ....

*Miles v. Illinois C.R. Co.*, 315 U.S. 698, 704, 62 S.Ct. 827, 830–831, 86 L.Ed. 1129, 1134 (1942)[13].

> [I]f the state does not discriminate against the [petitioner's] claim in favor of others of equal dignity and like character, there is no warrant for exempting the claim from the effect of local statutes governing procedure or limiting the time for prosecution of action.

*Pufahl v. Parks*, 299 U.S. 217, 227, 57 S.Ct. 151, 157, 81 L.Ed. 133, 139–140 (1936)[14].

The law seems to be clear, therefore, that a state may not discriminate against federal causes of action in favor of state claims of "equal dignity and like character". When this occurs, the state statute may be struck down as unconstitutional, *Rockton & Rion Ry. v. Davis*, 159 F.2d 291 (4th Cir.1946); *Caldwell v. Alabama Dry Dock & Shipbuilding Co.*, 161 F.2d 83 (5th Cir.1947), or simply disregarded in determining what state statute to apply, *Johnson v. Davis*, 582 F.2d 1316 (4th Cir.1978).

This is not to say that a state legislature may not characterize federal claims so as to fall within limitation periods provided for state claims. As noted before, this characterization is generally accepted by the courts unless it would be inconsistent with federal policies.

The amicus cites to *Major v. Arizona State Prison*, 642 F.2d 311 (9th Cir.1981) and *Kosikowski v. Bourne*, 659 F.2d 105 (9th Cir.1981) for the proposition that a state may properly single out federal causes of action for special limitation periods. In fact, neither case involved singling out federal causes of action and prescribing limitation periods shorter than those provided for similar state claims. Both cases are merely supportive of the argument that a one year limitation period is not per se an impermissible burden on the assertion of a federal right. *See, U.A.W. v. Hoosier Cardinal Corp.*, 383 U.S. 696, 707 n. 9, 86 S.Ct. 1107, 1114 n. 9, 16 L.Ed.2d 192 (1966). Moreover, even *Major* noted that the other-

---

**12.** In *McKnett*, an action was brought in an Alabama state court against a foreign corporation doing business in Alabama, on a cause of action arising in Tennessee under the Federal Employer's Liability Act. Under an Alabama statutory provision, a suit could be maintained in an Alabama court against a foreign corporation subject to jurisdiction in Alabama, even if the cause of action arose in another state, but cause of action must arise "either by common law or the statutes" of the other state.

Because the action was brought under federal law, the suit was dismissed for lack of jurisdiction over the action. On appeal from the state court of appeals, the U.S. Supreme Court reversed, holding that the refusal by the Alabama court to exercise jurisdiction of the federal claim was an improper discrimination.

**13.** In *Miles*, the Supreme Court held that a Tennessee court cannot enjoin its own citizens from litigating a federal claim in the court of another state. A more complete rendition of the language in the cited page is as follows:

> Since the existence of the cause of action and the privilege of vindicating rights under the [Federal Employers' Liability Act] in state courts spring from federal law, the right to sue in state courts of proper venue where their jurisdiction is adequate is of the same quality as the right to sue in federal courts. It is no more subject to interference by state action than was the federal venue in the Kepner Case [*Baltimore & O.R. Co. v. Kepner*, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28 (1941), wherein the Court held that a state court may not enjoin a resident of the state from prosecuting a F.E.L.A. action in federal court in another state because it would frustrate the grant of venue under federal statute].

315 U.S. at 704, 62 S.Ct. at 830, 86 L.Ed. at 1134.

**14.** In *Pufahl*, the Court affirmed the disallowance of a claim arising under federal law as barred by the state statute of limitations. In so ruling, the Court stated in the cited page:

> This is not to say that a state may deny all remedy for the substantive right arising out of the federal statute; it is merely to say that if the state does not discriminate against the [petitioner's] claim in favor of others of equal dignity and like character, there is no warrant for exempting the claim from the effect of local statutes governing procedure or limiting the time for prosecution of action.

299 U.S. at 227, 57 S.Ct. at 157, 81 L.Ed. at 139–140.

wise applicable statutory period may not be applied if "it is inconsistent with the Constitution and laws of the United States". 642 F.2d at 312.

*Zuniga v. Amfac Foods, Inc.,* 580 F.2d 380 (10th Cir.1978), also does not support a contrary conclusion. The Colorado statute under consideration, while applicable only to federal causes of action, prescribed a two year limitation period "or the period specified for comparable actions arising under Colorado law, whichever is longer".[15] This clause, which was not a part of the statute when *Trussell* and *Wolf Sales, supra* were decided, ensured that federal causes of action were not discriminated against in favor of similar state causes of action. The 10th Circuit was careful to point out that this provision avoided the constitutional problems raised by the two earlier cases. 580 F.2d at 384 n. 3a. It is especially interesting in this regard, that the *Zuniga* court did not apply the two year limitation period, but instead applied a longer six year period applicable to what it considered a "comparable" state action.

*Johnson v. Railway Express Agency,* 489 F.2d 525 (6th Cir.1973), *aff'd on other grounds,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) is likewise not indicative of a contrary result. The Tennessee statute applied by the court to the plaintiff's § 1983 claim as being the most analogous statute was a generally worded statute which prescribed a one year period for a variety of state actions, including actions brought under the federal civil rights statutes. There was no discrimination against federal causes of action.[16]

*Chambers v. Omaha Public School Dist.,* 536 F.2d 222 (8th Cir.1976) and *Spiegel v. School Dist. No. 1, Laramie County,* 600 F.2d 264 (10th Cir.1979) seem to be the only cases found which could support a contrary proposition.[17]

*Spiegel* is distinguishable because the court there did not consider the question of discrimination as against federal causes of action.[18] *Chambers* is somewhat more on point, but is distinguishable on at least two grounds. First, the main focus of the court was whether the statute in question established a "reasonable" time within which to institute a claim under a federal statute.[19] The focus in the instant case, in

15. The full text of the statute reads as follows:
All actions upon a liability created by a federal statute, other than for a forfeiture or penalty for which actions no period of limitations is provided in such statute, shall be commenced within two years *or the period specified for comparable actions arising under Colorado law, whichever is longer,* after the cause of action accrues. (emphasis supplied)
580 F.2d at 384 n. 4.

16. The statute in question reads as follows:
Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, criminal conversation, seduction, breach of marriage promise, actions and suits against attorneys for malpractice whether said actions are grounded or based in contract or tort, civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes, and statutory penalties shall be commenced within one (1) year after cause of action accrued.

17. The rationale of this case is not persuasive in light of the Supreme Court's affirmance of *Republic Pictures* and the line of cases discussed previously.
In *Chambers,* the statute in question was as follows:

All actions upon a liability created by a federal statute, other than a forfeiture or penalty, for which actions no period of limitations is provided in such statute shall be commenced within three years next after the cause of action shall have accrued.
*See,* 536 F.2d at 228.

18. The statute in question provided a *two* year statute of limitations for federal causes of action:

All actions upon a liability created by a federal statute, other than a forfeiture or penalty, for which actions no period of limitations is provided in such statute shall be commenced within two (2) years after the cause of action shall have accrued.
*See,* 600 F.2d at 265.

19. The court distinguished *Republic Pictures* on the basis that the period involved there—six months—was so short as to hinder the purposes of the United States, and had the practical effect of barring many federal statutory actions. The restriction imposed on the enforcement of federal statutory rights was to a degree "far greater" than those imposed on other rights of action.

contrast, is not upon the reasonableness of the one year limitation period applied, but upon whether the statute is discriminatory as against federal claims. Second, the court found that there was no discrimination in favor of analogous state causes of action.[20] In the instant case, the discrimination is quite apparent; "actions created by statutes" of the state, and indeed *all* state actions even remotely analogous under the traditional "characterization" procedure, would have much longer limitation periods.

A deprivation of a constitutional right is more serious than a violation of a state right. *Smith v. Cremins*, 308 F.2d 187, 190 (9th Cir.1962); *Shouse v. Pierce County*, 559 F.2d 1142, 1146 n. 6 (9th Cir.1977); *Johnson v. Davis*, 582 F.2d 1316 (4th Cir. 1978). When 42 U.S.C. § 1983, which is designed to be an "expansive", "sweeping", "overflowing", "comprehensive" and remedial legislation for the redress of federal constitutional deprivations, *Van Horn, supra*, is given a shorter limitation period than any other state cause of action[21], there can be no doubt the offending statute of limitations unconstitutionally discriminates against federal causes of action and must be disregarded in determining the applicable statute of limitations.

In reviewing the statutes of limitations possibly applicable to this case, the court finds that there is no other provision which is analogous to actions created by statute. Thus, the most appropriate limita-

tion period to apply would be the catch all provision of H.R.S. § 657–1(4). This finding would be consistent with the previous decision made in this case by Judge Weigel. Since that provision contains a six year limitation period, the instant action is not time barred.

Accordingly, the Defendant's Renewal of Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

---

**20.** The court noted that, even if the particular statute challenged was disregarded, the plaintiff would "not necessarily" be afforded a longer period of time, since many tort claims, for example, would under Nebraska law have one year limitation periods. *See,* 536 F.2d at 230. The court also found that the claims of plaintiff had no clear analogies in state law and could not be characterized as either "contract" or "tort". The state did have a *four* year statute of limitations applicable to actions based upon a *state* statute, but the court found that this statute would not have applied to the plaintiff's § 1981 and § 1983 claims, "[s]ince Nebraska has no statute which parallels either § 1981 or § 1983". 536 F.2d at 229. The court thus found that this three year statute of limitations for federal actions did not discriminate against "similarly situated" litigants.

**21.** The only state statute of limitations with a shorter limitation period is H.R.S. § 490:6–111, which provides for a 6-month limitation for actions to set aside a transfer made in violation of the Bulk Transfer laws of the Uniform Commercial Code. This section could under no conceivable circumstances be considered analogous to a § 1983 cause of action. Additionally, since the statute relates to actions against third parties and imposes an "unusual" obligation on such parties (*See* Comment 1 to H.R.S. § 490:6–111), it is not like the usual statutes of limitations governing the time within which substantive claims can be brought against a wrongdoer. As such, H.R.S. § 490:6–111 is in an entirely different category than § 1983 actions and all other state statutes, and in no way affects the discrimination analysis made today.